NEW YORK,
Oct. 1812.

STEVENS
v.
BOYCE.

STEVENS, LATE SHERIFF, &c. *against* BOYCE AND DALEY.

In an action of debt on a bond given to the *sheriff* to save harmless and indemnify the sheriff, "for, touching and concerning the execution and return of all processes, writs," &c. by his deputy, &c. the plaintiff in his replication, assigned as a breach, that the defendant had arrested A. B. on a *cap. ad resp.* and suffered him to go at large, without sufficient bail; and that the plaintiff had been attached for not bringing in the body, &c. and had been obliged to pay a certain sum, and was damnified. The defendant rejoined, that he took sufficient bail; to wit, C. D. who executed the bail-bond with A. B., for his appearance, and was, at the time, good and responsible, &c. On demurrer, the rejoinder was held to be insufficient; and that the defendants, by the bond, assumed every risk which the law attached to the execution of process, one of which was the continued responsibility of the bail to the arrest.

THIS was an action of debt, on a bond given to the plaintiff, as sheriff of *Washington* county, dated 7th *March*, 1810; conditioned that *Boyce*, his heirs, &c. should, at all times, &c. save and keep harmless, and indemnify the plaintiff, sheriff, &c. " for, touching and concerning the return and execution of all such processes, writs, and warrants, of what nature soever the same might be, as should be directed to the sheriff of the county of *Washington*, and executed by the said *Boyce*, as his deputy, and of and from all issues, fines, &c. and for and concerning the not executing, or wrongfully executing, or detaining in his hands, any such writ, &c. as shall be delivered to him to be executed as deputy-sheriff, &c. and from all damages for the escape of any person, &c. and also, that the said *Boyce* should truly account for and pay to the plaintiff, all such sum and sums of money as he, the said *Boyce*, should, as deputy-sheriff, levy and receive," &c.

The defendants pleaded, that the defendant *Boyce* did save and keep harmless the plaintiff, &c. and did account and pay over, &c. according to the condition of the bond, and did truly perform the condition, &c.

The plaintiff *replied*, that the defendant did not save and keep harmless the plaintiff, &c. and did not account and pay, &c. and did not keep and perform the condition of the said bond, &c. but failed to do so, in this, that after the execution of the said bond, and while the said *Boyce* remained the deputy of the plaintiff, &c. to wit, on the 11th *June*, 1810, at, &c. a writ of *capias ad respondendum* was sued out of this court, in behalf of *F. Purdy* against *D. Richardson*, tested, &c. and directed to the sheriff of *Washington*, commanding him, &c. which writ came to the hands of the said *Boyce*, as deputy-sheriff, who, before the return day, executed it, and arrested *Richardson*, but, then and there, suffered him, without sufficient bail, to go at large, &c. and the plaintiff was, by a rule of the court, ordered to bring in the body of the said *Richardson*, &c. of which the said *Boyce* was duly apprized and had notice : and the body of the said *Richardson* not being

brought in, &c. an attachment was issued against the plaintiff, of which the defendant, *Boyce*, had due notice, &c. that the plaintiff was taken on the attachment, and was under the necessity of paying, in order to obtain his discharge, the sum of 293 dollars and 39 cents, &c. &c.

*Rejoinder*, that *Boyce* arrested *Richardson*, on the *capias, &c.* and, according to the statute, took bail for his appearance, at the return of the writ; and that, on that occasion, one *George Ackley*, of, &c. became bail, &c. and executed a *bail-bond* with the said *Richardson*, for his appearance, &c. and which bail-bond was in the possession of the plaintiff; and the defendants averred, that the said *Ackley*, at the time he executed the bail-bond, had sufficient to answer, &c. and was good and responsible, of all which the sheriff had notice, &c.

To this *rejoinder*, there was a demurrer, and joinder in demurrer.

*Z. R. Shepherd*, in support of the demurrer.

*J. Russel*, contra.

*Per Curiam.* The rejoinder is no answer to the breach assigned in the replication. The sheriff, under the statute, may require two sureties in the bail-bond, though the bond is good with one only. He, however, takes the securities (whether one or more) at his peril, and in this case the defendants had assumed that peril by their bond, for they engaged to save the plaintiff harmless "for, touching and concerning the return and execution of all processes, writs," &c. And the harm which the plaintiff states in this case, arose touching or concerning the execution of a writ. These words were intended to throw the whole peril attending the execution and return of process, by the deputy, upon the deputy. They were not to be confined to cases where the deputy had failed in good faith and due discretion, but to all the risks which the law attached to the execution of process, and one risk is the permanent and continued responsibility of the bail to the arrest. The sheriff runs that risk, and the bond throws that risk upon the deputy, as to acts performed by him. The plaintiff is, consequently, entitled to judgment.

Judgment for the plaintiff.