Sewall,, J.
The defendant is charged with a neglect of duty in his office of deputy sheriff, in having taken insufficient bail upon a writ, by virtue of which he had arrested one Joseph Chapin at the suit of the present plaintiff. The surety accepted upon the bail bond was of sufficient estate when the bond was given, but became insolvent, and proved to be wholly insufficient, after the plaintiff had recovered a judgment in his suit against Chapin, and when, in consequence of his avoidance, the plaintiff became entitled to a remedy against the bail.
The liability of a sheriff for the insufficiency of bail, accepted by him upon a bail bond in a civil action, has been considered as established, or rather as fully recognized, in the decision by this Court upon the case of Sparhawk vs. Bartlet (1) —a case analogous to the one at bar in some of the material circumstances. Chief Justice Dana and the two associate justices, all who had heard the argument in that case, concurred in the decision, which was grounded, in some measure, upon two former decisions by this Court, recollected and traditionally cited in the argument.
* This case differs, however, from that in a very important circumstance, and this has made the determination of another question necessarily, which, although presented by the circumstances proved, was not considered in the case of Sparhawk vs. Bartlet. The surety, accepted upon the bail bond in Sparhawk’s suit against Newhall, was proved to have been insufficient when the bond was given ; and the sheriff having been rendered liable for his neglect in that particular, it became unnecessary to inquire how far the acceptance of one surety had exposed the defendant to a charge of a neglect of duty amounting to a civil injury, and to a liability for the losses and damages incurred by the avoidance of the principal debtor, and the insufficiency of his bail.
The question is now presented by the facts reported, and the finding of the jury in the case at bar, and becomes necessary to be determined. For the sufficiency of bail, when accepted by the sheriff on a bail bond, is all that can be required, within the rules and principles which governed the Court in deciding the case of *422 Sparhawk vs. Bartlet. The liability of the sheriff upon the arrest, when bail has been taken, is never understood, according to the English decisions, to be continued after the plaintiff in the action accepts an assignment of the bail bond, without excepting to the bail. (2) Here the plaintiff in the original action, having no control over the sheriff’s proceedings, and no opportunity of excepting to the bail, or of inquiring into their sufficiency, and the bail bond being to the action, as well as to the appearance upon the writ, he is not concluded by the acceptance of the bail bond.
On the other hand, when the sheriff is able to justify — if I may so express it—his acceptance of the bail as sufficient at the time, to make him responsible for subsequent accidents and failures would be going farther than the justice of any case can require. So severe a construction would deprive him of that discretian with which the law * has intrusted him, and in the exercise of which the right of the party arrested to a discharge upon reasonable sureties, and the security of the party thus pursuing his demands, are to be equally regarded.
But, then, the question reserved in this report recurs, whether the acceptance of one surety was a sufficient performance of the defendant’s duty. And after much consideration, protracted by a difference of opinion among the members of the Court present when this case was argued at the bar, the Chief Justice and Judge Parker concur with me, in the opinion that it was not; that the defendant is liable, under the circumstances proved, for a neglect of duty in accepting insufficient bail.
The question is determined by the words of the statute of Hen. 6, (3) which continues, to this day, as a modification of the common law, and, in its several additional provisions, the directory for sheriffs and other officers, as to the manner of taking bail in civil actions. Their duties, respectively, to the party arrested and to the party at whose suit a lawful arrest is made, are there prescribed. The party arrested in a civil action is to be discharged upon reasonable sureties of sufficient persons, having sufficient in the same county. The construction of this provision has always been, that the party arrested is not entitled to his discharge upon bail, unless he offers two sufficient sureties, at the least. And although a bail bond has been determined to be valid, not liable to be avoided by a party to it, within the subsequent provisions of the statute, when one surety, or only one having sufficient within the county, has been accepted, yet this is because there is no mention of sureties in the prohibitory clause, where the form and purpose ot *423 a lawful bond are prescribed. And it is obvious that the directions respecting sureties are not within the prohibitory clause. The sureties are in the care and discretion of the sheriff, to be taken for his indemnity ; and the maxim applies, Quilihct potest renunciare juri pro se introducto. (4)
*In the case at bar, it is not pretended that the bond was void, within the provisions of the statute, as to the manner in which a lawful bond is to be taken ; but for the matter and the effect of this bond, it must be regarded as an insufficient performance of the defendant’s duty ; his acceptance of one surety, when not required to discharge the party arrested, but upon reasonable sureties of sufficient persons having sufficient within the county. This favor to the party arrested was at the peril of the defendant. The peril thus voluntarily incurred and taken upon himself, is not terminated here, as it is in England, by an appearance of the principal, and his giving bond to the action; or by the plaintiff’s acceptance of the bail bond. The bail to the sheriff was bail to the action; and his peril, being a case of voluntary neglect, terminates only when the full effect of the process is obtained. For the failure thereof, and the consequent damages which the plaintiff has sustained, the defendant is, therefore, liable in this action.
As to the provisions in the provincial acts, and in the revised statute since the revolution, (5) which were cited in the argument, these are obviously directions respecting the remedies against bail, and their remedies, for their own relief, and against their principal. These are expressed distributive!}', as concerning “ the surety and •sureties,” and “ every person or persons who shall become bail.” But in the revised statute, it is provided that the writ of scire facias is to be against “ the bail,” and judgment is to be rendered, and execution is to be awarded, against “ them.”
It is not necessary, however, to lay any stress upon particular expressions in the statutes cited. For these are not to be regarded as originating the privilege of bail, or as defining it, or as regulating the manner in which bail is to be taken. The effect of bail to the sheriff is, indeed, extended ; and he is to exercise his discretion in taking reasonable sureties of sufficient persons, not only for his own indemnity, but as bail to the action.
* Respecting the latter question reserved by the report, it is not necessary to determine it; the determination of the other question being decisive upon the rights of the plaintiff in this action. I shall only notice that, in the statute of Hen. 6, the *424 residence of the bail seems not to be particularly regarded; but only the sufficiency of their estate within the county of the sheriff, or where the arrest is made. Lord Colee says, “ The words of the act, as to this point, are more for counsel or direction of the sheriff, than for precept or constraint to him, and that for the safety of the sheriff.” (6) (a)
The verdict is to be set aside, the defendant is to be defaulted, and judgment is to be entered for the plaintiff.

 2 Mass Rep 188

 1 Salk. 97. — Mod. Ca. 122.

 Com. Dig. Bail, K. 2. — H. P. C. 97. — 10 Co. 100. — Cro. Eliz. 624, 808, 852, 862.

 23 H. 6, c. 10

 5 W. & M. c. 6. —4 Anne, c. 3. —1784, c. 10.

10 Co. 101. —2 Saund. 57, 60.

a.) [Rice vs. Hosmer, 12 Mass. Rep. 127 — Ed.]