At this term, the opinion of the Court was pronounced by
Sewall, J.
The undertaking of the defendants, in this case, being for hire, and in the exercise of their ordinary occupation, — that of printing, — they must be answerable for any neglect or mismanagement in the performance of their trust, and for any loss or damage which might have been avoided by that degree of care and diligence which their employer had a right to expect and rely upon. If, therefore, the printers were not misled by the writing of the advertisement delivered them, — as, for instance, supposing it now examinable, if tiventieth, was not so written as to be mistaken for tiventy-eighth, supposing a suitable degree of attention on the part of the compositor, — I think the defendants are liable in this action. For I can have no doubt that the master printers are liable for the default of their compositor or servant; and in this particular, the direction at the trial appears to me to have been incorrect; because the plaintiff may be entitled to a verdict for him; although a principal question will still remain to be decided, as to the amount of damages recoverable against the printers under all the circum *427 stances of this case. And as applied to this, which is the most important question in the cause, I am inclined to think the direction at the trial was substantially correct.
The nature of the printer’s undertaking is such as that a minute and perfect transcript of an advertisement delivered to him in writing, or an exact correctness in .the first impression, beyond what may be expected from a general care and superintendence of his newspaper, is not to be understood in any contract for printing, where no special caution has been given by his employer, and no special undertaking has been expressed on the part of the printer. * When any particular care and attentian are requisite, it is the duty of the employer to suggest it, and to guard himself, in this respect, by cautioning the printer, or requiring a special guaranty of exact or material correctness in the first impression of a particular advertisement.
In ordinary cases, the printer publishes, relying upon some continued care on the part of his employer, that he will examine and verify the impression, and for that purpose will give notice of, and will be attentive to have seasonably corrected, any errors of impor tance, to some of which the business of composing and printing, even with ordinary care and diligence, is notoriously subject, without requiring an allowance for the hurry usual, perhaps, in printing newspapers, applicable to this particular case. The loss of the erroneous impression the printer incurs, and any extraordinary expense to procure another, which he may be exposed to ; for so far the employer is protected, even without his corresponding attention, upon which the printer may be supposed to rely.
But for incidental and remote consequences, which may prove to be, as in this case, losses and damages of a very considerable amount, the risk respecting them not having been notified or stated to him, and of which he has no warning, — for these, I think, he is not liable upon what may be considered within the ordinary undertaking implied from his occupation. It is not to be supposed that he undertakes, for the pay of an advertisement comparatively inconsiderable, to have an exact correctness, independently of the attention of his employer, and without any special caution or notice, at a risk so very extensive in the amount. And even upon the supposition adopted in the argument, that by the delay in publishing the advertisement, the opportunity of correcting or renewing it was lost, and all the consequences were inevitaole, which, in this case, have been incurred at the expense of the plaintiff, I cannot consider the printers answerable for these damages.
The Court concur in granting a new trial