## ENOCH GERRISH *versus* TIMOTHY A. EDSON.

A sheriff, who knowingly takes insufficient bail, is liable for the amount of the plaintiff's judgment against the bail, after deducting the probable value of that and of the other judgment recovered against the principal.

THIS was an action on the case against the defendant, as sheriff of the county of *Grafton*, for taking insufficient bail on a writ in favor of the present plaintiff against one *Samuel Tay*. The cause was tried here on the general issue at the last term, and evidence introduced of judgments recovered against *Tay*, and also against his bail, the executions on both of which were returned unsatisfied. Some testimony was also offered, to shew that the principal and bail were both poor at the time of the commencement of the original suit, and that this was known to the sheriff when he served the writ. The jury were directed that if, upon the whole evidence they believed the bail to have been insufficient when taken, and that this fact was known to *Edson*, and that both principal and bail were now wholly insolvent, they ought to assess in damage the amount of the judgment against the bail; but if they believed the judgments against the principal and the bail to be now worth any thing, they ought to deduct that value from said amount, and give the plaintiff the difference. If, on the contrary, they believed the insufficiency of the bail when taken to have been unknown to the sheriff, and due diligence and good faith used by him to ascertain the pecuniary circumstances of the bail before taken, that their verdict might be for such sum as, under all circumstances, they should think warrantable. The jury found for the plaintiff three hundred and forty dollars, being about two thirds of the amount of the judgment against the bail.

The defendant moved for a new trial, on the ground of a misdirection of the judge as to the rule of assessing damages.

WOODBURY, J., delivered the opinion of the court.

The question as to the rule of damages in this class of actions is one of some difficulty.

The verdict of the jury had settled the fact, that the defendant *knowingly* violated his duty in taking insufficient bail. For the injury resulting from that wrong the plaintiff has instituted the present action on the case ; in which, most unquestionably, he is entitled to recover all the damage produced by the defendant's misconduct. The amount of that damage is the only dispute ; and though this was, as questions of this kind always must be, determined by a jury, yet the court possessed and exercised the authority to give them directions on the relevancy and competency of the testimony, to diminish or increase the damage. But the defendant contends that these directions should have been, that the poverty of the original debtor rendered the damage merely nominal, as the plaintiff has lost only the value of his claim against said debtor. We apprehend, however, that a consideration of all the circumstances in this case—the form of the action —the character of the defendant's conduct—the nature and time of the injury to the plaintiff—will demonstrate that the rule of damage adopted at the trial is more appropriate. When a precept is delivered to the sheriff, with directions to hold the defendant to bail, the object of the plaintiff is not only to compel an appearance of the defendant, but to obtain security or payment. Should the debtor then be embarrassed or insolvent, that circumstance ought to increase rather than lessen the officer's vigilance and fidelity in pursuing the directions. For in proportion to the defendant's wealth, it becomes immaterial to the plaintiff what may be the property of his bail ; as in that ratio is the necessity of a resort to the latter improbable. On any construction, however, of the sheriff's conduct, he was guilty of a known and deliberate dereliction of duty. But had he performed that duty ; had the bail been sufficient, the plaintiff's execution against the bail must have been satisfied ; and the plaintiff has therefore lost the nominal amount of that execution, after deducting what he may probably be able to collect on it, and on his judgment against the principal. The person whose wrong has prevented the eventual satisfaction which would other-

Gerrish
*vs.*
Edson.

wise have been obtained, comes into court with an ill grace, claiming to be exempted from so remote a consequence of his misconduct, and to be liable only for the probable worth of the original demand. It is a general doctrine, that the perpetrator of offences is liable for all the consequences produced by them, however much those consequences may exceed what he might have anticipated. 1 *Hale P. C.* 615.—2 *Hawk.* 316.—4 *Bl. C.* 37.—*Foster C. L.* 370.—*M'Nally Ev.* 446. The man that negligently and wrongfully throws a torch among combustibles, would make an ill defence, when prosecuted for burning them and the contiguous buildings, by contending that the fire might possibly not have communicated to the latter, or peradventure have been extinguished before producing so extensive a loss. 2 *D. & E.* 589.—*Poth. Ob. Pl.* 1, *ch.* 1, *Art.* 2, § 167.

It has been argued, that an analogy exists between the present action and one for escape; and that in the latter the poverty of the original defendant is considered to mitigate the damage. But this supposed analogy does not exist. The permission of an escape is a violation of the sheriff's duty to detain in custody the debtor's body: and the measure of the plaintiff's damage is sometimes held to be the difference between having and not having that body. Where the debtor is poor, this difference has been regarded as an injury merely nominal. The taking of insufficient instead of sufficient bail, however, is the breach of an obligation totally distinct of an obligation to obtain from the debtor the security of another that the debtor shall abide the judgment of the court in that suit—or that the amount recovered shall be paid by the person who gives the security. The measure of the plaintiff's damage in this case, therefore, when the judgment is not abided by, would seem to be the difference between having the amount recovered not paid and paid; or, between having a bad security for it and a good one. If the security possessed, however, be of any value, we direct its worth to be deducted, in order that the sheriff may pay nothing but the real loss sustained from his misconduct. For these rea-

sons the authorities in relation to escapes do not contradict the rule adopted in the present case. Indeed, on examination it will be discovered that most of these authorities are prosecutions for negligent and not voluntary escapes. Our statute regulating prisons(1) requires even in both kinds of escapes, that when effected from the common jail the officer shall pay the full amount of the debt, and a fine also to the county. In all escapes, too, on final process, the creditor can recover the same amount, however *poor* may have been the debtor, by pursuing his remedy in an action of debt. 2 *Wils.* 295.—2 *Hen. B.* 108.—1 *Saund.* 38, M.—2 *D. & E.* 129.—1 *Ch. P.* 140. And although the jury can give less —9 *Mass. Rep.* 136.—1 *John.* 215.—1 *B. & P.* 27. Or more—2 *D. & E.* 129, when the remedy is case; yet we recollect no instance of less having been awarded where the officer designedly and deliberately violated his duty.

We apprehend, also, that some misconceptions have arisen on this subject, from not recurring to the *time*, as well as the nature of the injury to the plaintiff. The damage is not alleged to have been *sustained* at the time of the service of his original writ, nor of its return into court, nor of the rendition of judgment on it. At none of these periods had his claim against the bail become fixed, nor had any certainty been obtained that the death or surrender of the debtor would not absolutely discharge the bail, and thus render it wholly immaterial to the creditor whether they were sufficient or insufficient. 12 *Mass. Rep.* 130. But the misconduct of the sheriff first affects the creditor; *after* the return of *non est inventus* on his execution against the principal, and after the bail have become unconditionally liable by a judgment recovered against them, which they are unable to discharge. Then the creditor first discovers and feels that his claim against the bail is diminished in value to the whole extent of their insufficiency; and this in consequence of the original wrong of the sheriff. Let the latter, therefore, remunerate the plaintiff all the loss thus sustained.

Gerrish
*vs.*
Edson.

(1.) Statute of Feb. 10, 1791.—1 N. H. Laws, 148.

Gerrish
vs.
Edson.

Had the officer conducted with good faith and laudable circumspection, as to the pecuniary circumstances of the bail, the present rule of damage might be inappropriate.

The office of sheriff becomes sometimes so difficult, that those who fill it deserve the utmost protection while exercising an honest diligence in the discharge of their duty; and it is scarcely necessary to add, that while they so conduct the rule adopted in the present case will not be applied.

In *England*, under similar circumstances the sheriff is compelled to pay the whole debt. *Tidd* 264.—3 *Bl. C.* 291.—7 *D. & E.* 370, *Heppel* vs. *King.* So is he in *New-York.* 9 *John.* 292. *Stevens* vs. *Boyce & al.* Though the remedy in both those places be different, we apprehend it cannot affect the principle.

The law is said to be similar in *South-Carolina.* 2 *Bay.* 173, and also in *Vermont.* 1 *Tyler* 314.—2 *do.* 213.

In *Massachusetts* it seems that a different doctrine prevails; though their decisions, compared with the facts of the respective cases, do not directly conflict with our present opinion.

In *Sparhawk* vs. *Bartlett,* 2 *Mass. Rep.* 188, the whole debt was recovered. So in *Long* vs. *Billings,* 9 *Mass. Rep.* 479, and *Young* vs. *Hosmer,* 11 *do.* 89. But in *Nye* vs. *Smith,* 11 *do.* 188, less was awarded, though it there appeared that the bail, when taken, was "owner of a farm, and in good credit." So it did in *Rice & al.* vs. *Hosmer,* 12 *do.* 128 ; and in *Shackford & Wife* vs. *Goodwin,* 13 *do.* 187, it appears that the bail "was supposed to be sufficient."

We are not apprized of any adjudged cases on the subject in this state, except *Follensbee* vs. *Pierce, Hillsborough,* October, 1813 ; and there full damages were given, though their amount was not the principal point in dispute.

*Let judgment be entered on the verdict.*

*Farrar,* for the plaintiff.

*W. Claggett* and *Sullivan,* for the defendant.