## HENRY W. GORDON *vs.* TIMOTHY A. EDSON.

If a sheriff permit a prisoner to have liberty of the yard on a bond for a less amount than "double the sum for which such prisoner was imprisoned," the bond is still binding upon the obligors, but is no defence to an action against the sheriff for an escape.

A party cannot justify under a statute, unless he pursues the forms prescribed by the statute. But the acts of a sheriff, when performed in good faith, are, if possible, to be supported ; and a bond for the liberty of the yard, if it be for double the face of the execution, though not including the officer's fees for commitment, is considered to be for " double the sum for which the prisoner was imprisoned." It seems, that those decisions, which, in debt for an escape, subject the sheriff to pay the full amount of the judgment, though the debtor was insolvent, and the escape by mere mistake, are founded on reasons which have long since ceased.

THIS was an action of debt against the defendant as sheriff of this county for the escape of *Nathaniel Phelps, jr.*

At the trial here May term, A. D. 1818, it appeared in evidence, that *Phelps* was committed to jail in this county, on an execution which issued from a justice of the peace in favour of the plaintiff, for $12 debt, and $2 81 cost. Nine renewals of the execution had amounted to $2 25 more, and the officer's fees for commitment were $1 48.

On the 16th of August, A. D. 1817, *Phelps* was allowed the liberty of the yard, after executing a bond with sufficient sureties, and in the required form for the sum of $34 12 ; and, in thirty days after that time, having taken the poor debtor's oath, he was permitted to go at large.

Upon these facts it was agreed, that the plaintiff should become nonsuit or the defendant be defaulted, according to the opinion of the court on the whole case.

*J. Bell,* counsel for the plaintiff.

*Sloan* and *Nelson,* for the defendant.

WOODBURY, J. delivered the opinion of the court.

Our statute " for the ease and relief of persons imprisoned " for debt" provides, that a prisoner may receive the lib-

erty of the yard on executing a bond " in double the sum, " for which such prisoner is imprisoned." 1 *N. H. L.* 153. The bond in this case was for an amount double the debt, cost, and renewals of the execution; but less than double the debt, cost, renewals and fees of the officer for commitment.

The questions, that arise, then, relate to the sufficiency of the bond, and the rule of damages in this form of action, if the sheriff be liable.

Under the views we have taken of this case, it may be admitted, that as the sheriff has no authority to grant liberty of the yard, except by the statute before mentioned, he cannot protect himself under the statute, unless he conforms to its provisions.(1)

It may be admitted, according to the decision in *Clap vs. Cochran,* (7 *Mass. Rep.* 98,) that if he permit a prisoner to go at large, on a bond for a less sum than the amount required by statute, it is such a departure from its provisions, that he cannot be protected under the statute, and consequently, is guilty of an escape.

(1) 1 N. H. R. 36, and auth. there cited.— 4 Cranch 408. —4 Wheaton 79.

It may, likewise, be admitted, that, by a long series of decisions, the plaintiff in an action of debt for an escape, if entitled to recover at all, must recover the whole amount of his debt and cost. 1 *N. H. Rep.* 85, *and authorities there cited.—2 John.* 454.—2 *Mass. Rep.* 528.—7 *do.* 377.—8 *do.* 382.

But these last decisions do not accord with the spirit of the ancient statute of the 13th Edward I. on which they are founded, which is, "let the sheriff take heed that he do not suffer " him (the prisoner) to go out of prison, and if he do and be " thereof convict, he shall be answerable to his master of " the damages done to him by such his servant, according as " it may be found by the country; and shall have his re- " covery by writ of debt."

It is apparent from this language, that only the actual " damages" occasioned by an escape were to be recovered, and that they were to be estimated by no inflexible rule, but by the discretion of " the country."

20

Gordon
*vs.*
Edson.

(1) Reeve's
His. Eng. Law,
62.

(2) 1 N. H.
Laws 149.

As an action of debt however was given for their recovery, the technical principle now obsolete, that the whole sum demanded in that action was to be recovered, laid the basis for these decisions.(1)

That principle having long since been exploded, the reason for the decisions fails; and, unless our statute of February 10th, 1791, in cases of escapes from prison, has adopted these decisions,(2) on which we give no opinion, it would seem to accord with both the words and spirit of the ancient statute, and also with the nature of the injury, that the plaintiff should recover only his actual damages.

Where the prisoner was manifestly insolvent, and the escape altogether inadvertent, as in the present case, a jury would doubtless be inclined to relieve the sheriff from any but nominal damages. Because public officers, when they conduct with good faith and cause no essential injury by their doings, are not to be made victims for every paltry error; but far as possible are to be protected in all honest attempts to discharge the duties of their perilous stations.

We have dwelt longer on these considerations, than might be necessary, were it not important to show the harshness of those principles, which in cases like the present have heretofore been applied to sheriffs; and thence to infer, that the proper rule of construction, in deciding upon the sufficiency of the bond in controversy, is not to subject the defendant to the operation of principles so extremely rigid, if the bond conforms to either the letter or the spirit of the statute. But the bond conforms to the statute in every respect, if double the face of the execution, on which the debtor of the plaintiff was committed, can be considered as " double the sum for which" he " was imprisoned."

On the part of the plaintiff it is contended, that the fees of the officer for commitment, ought to have been included; while on the part of the defendant, it is argued, that to include them was unnecessary.

The whole question depends upon the circumstance, whether the fees of the officer were a part of " the sum, for which" the debtor " was imprisoned."

Only one case upon a similar point has been found by us, where the action was against the sheriff for an escape. But the cases of actions upon such bonds are numerous; and, in all of them, it has uniformly been held, that the bond is binding upon the obligors, whether in double the face of the execution, in double the execution and fees of commitment, or in a sum, greater or less than either of those. 2 *John. C.* 206, *Dole vs. Moulton et al.*—8 *do.* 111, *Smith et al. vs. Jansen.*—3 *Mass. Rep.* 86, *Bartlett vs. Willis.*—7 *do.* 98, *Clap vs. Cochran;* 200, *Freeman vs. Davis et al.*—9 *Mass. Rep.* 221, *Smith vs. Stockbridge, et al.*—8 *do.* 372, *Burrough vs. Lowdon et al.*

The *obiter dicta* in the cases from New-York, where the bond is required to be in double the sum, for which the debtor is " confined," countenance an idea, that the bond there ought to be in double the face of the execution and the fees of commitment. But in Massachusetts, where the words of their statute are precisely like ours, it will be seen, that, according to the statement of facts in *Bartlett vs. Willis,* the bond was only in double the amount of the face of the execution, without including the fees of commitment; and yet judgment was rendered upon it for the whole penalty, which would have been improper, if the bond was for a less sum than what the statute required. Thus, in *Smith vs. Stockbridge et al.* where the bond was in double the face of the execution, including the fees of commitment, the court did not render judgment for the whole penalty, as they ought to have done, if the bond was for the true sum which the statute required. The case of *Clapp vs. Hayward,*(1) stands in direct opposition to the doctrines in the two last cases; but as it assigns no reasons, and cites no authorities for the judgment, we are unable to divine the grounds for so sudden and so total a change of opinion in the same tribunal.

But whatever may be the incidental remarks under statutes with a different phraseology, or the conflicting decisions in

(1) 15 Mass. Rep. 276.

other states upon similar statutes, we think that the form of our execution, and the very nature of the service of it, show, that the fees of the officer for commitment, were in the present case no part of " the sum," for which the debtor " was imprisoned."

The form of the execution declares, that it is the debt and cost of court, " whereof execution remains to be done."(1) After naming the amount of them, it proceeds, " we command you therefore, that of the goods, &c. of " the said, &c. you cause to be levied, &c. unto the said, &c. " the *aforesaid sums* being [ ] in the whole, and also that out " of the goods, &c. of the said, &c. you levy [ ] more for " this writ, together with your own fees; and for want of " such money, &c. of the said, &c. to be by him shewn unto " you, or found within your precinct to the *acceptance of the* " *said*, &c. for satisfying the *aforesaid sums*, we command " you to take the body of the said, &c. and him commit " unto our gaol, &c. and we command the keeper thereof " accordingly to receive the said, &c. and him safely to *keep*, " *until* he pay the full sums above mentioned, *with your* " *fees*," *&c.*

(1) 1 N. H. Laws 93.

It is obvious from this form, as well as the nature of the case, that the execution issues to collect merely the debt and the cost of court. It is the neglect to pay only them, which causes the execution to issue at all. They alone constitute " the aforesaid sums," which the sheriff is first commanded to collect. But as those sums cannot be levied without an execution, and without labour and risk by an officer, the sheriff is empowered to levy, also, the price of the execution, and the amount of his fees.

But if, " for want of" money, goods, &c. by the debtor, the sheriff cannot levy his " fees," he is not empowered to " commit" the debtor " unto gaol." It is only " for want of " money, &c. to the acceptance of the creditor for satisfying " the *aforesaid sums*," that he is authorized to commit the debtor. The debt, cost and price of the execution, are all the sums which have before been specified; and hence, the fees constitute no part of the cause, for which the debtor is

" imprisoned." To remove all doubt on this point, the fees are kept distinct from those " sums" afterwards, as well as before. For the keeper of the gaol is not to discharge the debtor, unless by order of law, till " he pay the full sums above mentioned, " *with your fees*." This last clause would be altogether superfluous, if " fees" were embraced in the expression of " aforesaid sums," or " sums above mentioned." Again, they are not embraced in those expressions, because the fees are due and payable to a different person. They are called " *your* fees," that is, the sheriff's ; and, in our other form of execution, the direction to him is " to sat- " isfy *yourself* for your own fees."(1) But the " aforesaid sums" belong to the creditor ; and for not " satisfying the sums aforesaid," to " the acceptance of the" creditor,(2) the debtor is imprisoned. While, for the fees, the only remedy given against the debtor, is to levy them, if practicable ; and if not practicable, and the debtor is imprisoned for not pay- ing to the creditor the " aforesaid sums," he may then be detained, till he pay also the " fees" to the sheriff. At com- mon law, there was no remedy whatever against the *debtor* for these fees. *Co. Litt.* 368.—4 *Maul. & Selw.* 258.— *Bac. Ab.* " *Fees*," *A*.

(1) 1 N. H. Laws 94.

(2) 14 Mass. Rep. 477.

But now, in these two ways only, is he made liable for them to the sheriff ;(3) and these two ways furnish in prac- tice an ample remedy. For if any thing is levied, the cus- tom is to apply it first to the payment of the fees ; and if nothing be levied, but the debtor committed, he may be " safely kept," or " detained," or " not discharged out of " execution," as long for the " fees," as for the debt and legal cost.

(3)2 D.&E.132. —2 John. Ca- ses 206.—8 do. 111.

In accordance with these views it has been held, that if a debtor, after payment of the face of the execution, escape from the sheriff, he cannot be retaken to enforce a collection of the fees.(4)

(4) 2 Str. 903, Willing *vs.* Good.

Indeed, there seems to us much absurdity in the idea, that the fees of commitment, can ever be a part of the cause for which the debtor is " imprisoned," when those fees are not due till after he is " imprisoned."

Gordon
*vs.*
Edson.

It is on that ground, the debtor, when committed for non-payment of the face of the execution, may be safely kept or detained till he pay the fees also; because after such commitment the fees become due. But to hold that he " was imprisoned" for non-payment of what was not then due, is to contradict the form of the precept, and to cast foul reproach upon the administration of justice.

That the fees for commitment are not due till after the commitment is finished, seems almost too plain for illustration. Unless an arrest, an attachment, or levy be completed, the debtor is liable to no fees.(1)

(1) 2 Maul. & Selw. 297, Graham *vs.* Grill.

The liability of the *creditor* to the sheriff, in cases of compromise, &c. before the services of the sheriff are completed, is a question altogether different.(2)

(2) 5 D. & E. 470.—1 Caines R. 192.—Bac. Ab. "Fees," A.

The commitment is not completed, till after the debtor is put in *arcta custodia*, or till after he is " imprisoned." It is obvious, likewise, that the cause for a levy or a commitment must exist before they are commenced.

Under these circumstances, we must confess our inability to comprehend how the fees for that same commitment, can be held to have been the cause of the commitment itself, or in other words, a part of the sum, for non-payment of which, the debtor was committed.

But, taking the other view of the case, that the debtor was imprisoned for non-payment of the face of the execution, and the bond is in strict conformity to the statute, the form of the execution is not violated; no absurdities are encountered; injustice is inflicted upon neither party; and the plaintiff must become

*Nonsuit.*