## PALMER EMERSON vs. EPHRAIM H. LOMBARD & al.

The creditor is entitled to recover of the debtor, the expense of citing him on the execution to appear before two justices and make a disclosure, as provided in the third section of the poor debtor's act of 1831, c. 520.

If the execution issue on a judgment before a justice of the peace, his certificate, made upon the margin of the execution, certifying that the debtor had been cited to appear before two justices for that purpose and had made default, and stating the amount of the costs of citation, is sufficient to authorize the officer holding the execution to collect such costs.

THE plaintiff in an action of trespass, alleged, that he had been arrested and falsely imprisoned by the defendants. The defendants justified the arrest and imprisonment by virtue of an execution in favor of *Lombard* against the plaintiff, the other defendant, *Eastman*, being a deputy-sheriff and having the execution in his hands. An alias execution was produced, issued by the Municipal Judge of *Hallowell*, for a balance of $18,50, in the margin of which was inserted the sum of $18,50, and also the following entry. " It appears by a certificate attached to a former execution, that the creditor herein named had caused the within named *Emerson* to be notified according to law, to appear and make a disclosure as contemplated by an act entitled an act for the relief of honest debtors from imprisonment for debt, and that said *Emerson* did not appear, but made default. The cost taxed, is $4,29. *S. K. Gilman*, Judge." The certificate of the two justices, referred to in the margin of the execution, was produced, signed by *S. K. Gilman* and *William Clark*, as justices of the peace and quorum, whereon was the following taxation. Justices' fees, $3,00, citation, $0,50, service of citation, $0,79, total, $4,29. The plaintiff tendered the amount due on the execution, $18,50, to *Eastman*, and his fees. *Eastman* demanded the sum of $4,29, in addition, and on his refusal to pay it, by direction of *Lombard*, committed the plaintiff to prison. The trial was before the Chief Justice, who directed the jury, for the purposes of the trial, that the officer had no right to imprison the plaintiff for the non-payment of the $4,29. The verdict for the plaintiff was to be set aside, if the instruction was erroneous.

*Otis,* for the defendants, cited the poor debtor act of 1831, *c.* 520, and commented on its provisions, and argued, that the officer had a perfect right, and that it became his duty, to make the arrest complained of. He cited also, *Fisher* v. *Ellis,* 6 *Greenl.* 455.

*F. Allen* and *Clark,* for the plaintiff, argued, that the defendants had shown no legal cause for the commitment, and contended: 1. The burthen of notifying the debtor was on the creditor, if he would arrest the body of his debtor, and the statute had provided no mode to force the debtor to pay it. 2. If there was any mode, the justices before whom the notice was returnable should issue the execution therefor. 3. That if the justice before whom the judgment was rendered could do it, he had not done it, and should have inserted the direction to collect the amount in the execution. They cited *Gordon* v. *Edson,* 2 *N. H. Rep.* 152.

The case was continued for advisement, and the opinion of the Court was prepared by

WESTON C. J. — Whether the imprisonment complained of is justified or not, will depend upon the question, whether the plaintiff, while under arrest, tendered to the officer the full sum, for which he was liable, upon the execution. The plaintiff had been cited, under the act of 1831, *c.* 520, § 3, and had made default. The seventh section of the same statute determines the fees, to which the justice, who issues the notice, and the justices, before whom the disclosure is appointed to be made, shall be entitled, to be paid by the party applying therefor. The twelfth makes provision, where the debtor is about to go out of the State. And it gives to the justices " the same fees as are allowed, for like services, in and by the seventh section of this act, to be taxed on the mesne process or execution, with the other costs of the creditor, or creditors, if he or they shall be the prevailing party on such disclosure."

As it is the general policy of the law, to allow costs to the prevailing party, and as the recovery of the costs, provided for under the seventh section, in favor of such party, is no where else determined in the statute, we are of opinion, that it was the intention of the legislature, that the costs under the seventh, as well as under the twelfth section, should be taxed for the creditor on the execution, if he should be the prevailing party. They were to be the

same fees, to be taxed and allowed in the same manner. Where the debtor was adjudged to be the delinquent party, it does not appear to us to have been the design of the law, to throw upon the creditor any part of the costs, incurred in enforcing the collection of his debt. And it appears to us, that the certificate of the municipal Judge of what had been done, and the entry of the accruing costs in the margin of the execution, was taxing the same thereon, and sufficiently complied with the requisition of the statute. A more detailed authentication of these proceedings remained for the inspection of the debtor, in the office of the Judge. There is no legal objection to the fees of the justices, which are expressly given, whatever may be said of the fee, claimed and allowed to the officer. It results then, that the plaintiff did not tender enough, and the justification under the execution is sustained. In *Gordon v. Edson,* 2 *N. H. Rep.* 152, the fees for committing were held not to be due, until after the commitment, and that the debtor therefore could not be said to be committed for these fees, although he might be detained in prison, until they were paid. The costs here were due before the arrest. The decision there turned upon the form of the execution. These costs depend upon a special statute.

*New trial granted.*