## LEMUEL C. GLEZEN *vs.* CALVIN ROOD.

A bail bond, executed by the principal and one surety only, is valid against the surety, though he is not a citizen of the Commonwealth, and has no real estate therein, if he has personal property in the county, to the amount of his liability on the bond : And if an officer return such bond with the writ, he is not liable to the plaintiff in an action for not returning a bail bond.

A bail bond, in which the obligors acknowledge themselves bound to the sheriff, by his proper name, will support a *scire facias* in the name of the plaintiff in the original suit, although, by a clerical error, the bond is made payable to another person.

Though an officer who takes a bail bond is liable to an action for not returning it with the writ, yet if he deliver or offer to deliver it to the plaintiff in season for the plaintiff to prosecute a *scire facias* against the bail, he is liable for nominal damages only.

TRESPASS upon the case against a deputy sheriff for not returning, or delivering to the plaintiff, a bail bond alleged to have been taken by the defendant, in a suit by the plaintiff against Otis W. Dimmick.

It appeared, at the trial before *Strong*, J. in the court of common pleas, that the plaintiff sued out and delivered to the defendant a writ against said Dimmick, returnable at the October term, 1838, oi the same court, and that the defendant returned on said writ that he had arrested the said Dimmick and held him to bail : That the plaintiff recovered judgment in that suit, at October term 1839, for $ 63·96 damage, and $ 16·71 costs, and took out execution and delivered it to the defendant, who, on the 24th of February 1840, returned it wholly unsatisfied ; certifying in his return that he could find neither the property nor the body of said Dimmick : That the plaintiff's attorney, during the February term, 1840, of the court of com mon pleas, ascertained that no bail bond had been filed in the aforesaid case against Dimmick, and gave notice of that fact to the sheriff of the county, two or three weeks before the 22d of September following, and demanded of him a bail bond in that case ; but he delivered none. On said 22d of September, the defendant offered to said attorney the bond hereinafter descrioed, as the bail bond taken in said case, which bond said attorney refused to receive, and demanded of the defendant a good and lawful bond in said case.

The defendant offered in evidence the bond which he had offered to the plaintiff's attorney, and contended ·that it was good and sufficient, and that it constituted a defence to this action. The material parts of this instrument were as follows : " Know all men, &c. that we, Otis W. Dimmick and Ellis Baker, are firmly bound unto Thomas Twining, Esq., sheriff of Berkshire, in the sum of $ 79, to be paid to the said *Henry C. Brown*," [the former sheriff,] " or his attorney, executors, &c.; for which payment we bind ourselves, &c. Sealed with our seals, August 10th, 1838." The usual conditions of a bail bond were annexed, and it was admitted that the bond was duly executed by said Dimmick and Baker. It was also proved or admitted that Baker, the surety, was not a citizen of this Commonwealth, and had no real estate within the same, when he executed the bond, but that he then had personal property in this county to the amount of $ 79 or more.

The plaintiff objected to the reception of the bond in evidence, and contended that it was not a sufficient bond, and that he was not bound to accept it. The judge ruled that it was a good and sufficient bond, and that it would have been a defence to this action, if it had been returned to the clerk's office according to the direction of the Rev. Sts. *c.* 91 ; but that, as the bond was not so returned, the plaintiff was entitled to recover nominal damages.

The jury returned a verdict for nominal damages, and the plaintiff alleged exceptions to the ruling of the judge as to the sufficiency of the bond.

*Byington*, for the plaintiff.

*Sumner*, for the defendant.

DEWEY, J. The only question raised by the exceptions in the present case is, whether the bail bond, taken by the defendant, was so far good and ·sufficient, that if it had been duly returned and filed in the clerk's office, it would have constituted a defence to an action like the present, where the only laches alleged against the officer is the neglect to return or deliver to the plaintiff the bail bond, which, in his return indorsed on the writ, he certified he had taken

The position assumed by the plaintiff is, that the instrument, offered to be delivered to him by the defendant as such bail bond, was a mere nullity ; and if this were so, the plaintiff would be entitled to recover substantial damages. On the other hand, if the bond taken in the present case be in any proper sense a bail bond, then the present action cannot and ought not to be sustained, except for nominal damages. If the bail, thus taken by the defendant, is insufficient bail, and the plaintiff sustains an injury from that cause, the remedy will be open to him for such misfeasance of the officer, under a proper declaration for such default.

It is contended on the part of the plaintiff, that the bond taken in the present case was not a bail bond, because it was executed by only one person as surety.

The duties of the sheriff, in the matter of taking bail, are prescribed by *St.* 23 Henry VI. *c.* 9, by which it was pro vided that the sheriff should let to bail, &c. " upon reasonable sureties of sufficient persons, having sufficient within the county ;" which statute was virtually adopted and made part of the common law of Massachusetts, subject to such modifications as may have been introduced by our own statutes.

Various adjudications, both in England and in this Commonwealth, have been made in cases arising under this statute, by which it has been settled that a bail bond with but one surety is not for that cause void, although the sheriff may thus subject himself to eventual liability, if the surety taken should not be sufficient to respond, on a recovery in a suit on the bail bond, in case of the avoidance of the principal. 10 Co. 101, *Beawfage's case.* 2 Saund. 61, *note* (5.) *Long* v. *Billings,* 9 Mass. 479. *Rice* v. *Hosmer,* 12 Mass. 129, 130. *Lane* v. *Smith,* 2 Pick. 284.

The principle established by these decisions has been incorporated into the Rev. Sts. *c.* 91, §§ 1, 2, 3 ; and also the provision that the sheriff may require " two sureties, having sufficient within the county in which the principal is arrested." No question can possibly now exist as to the validity of a bail bond with but one surety. It is valid as against such surety, and if

he becomes irresponsible, the liability devolves upon the officer who has accepted a bail bond with less than two sureties.

It was further objected to the validity of this instrument as a bail bond, that the person who executed it as surety, though possessed of personal property within the county, to the amount of his liability on the bond, was not a citizen of this Commonwealth, and had no real estate within the same.

The language of the statute is " reasonable sureties of sufficient persons having sufficient within the county." It seems to have been understood that the requisition of the statute relates rather to the necessity of the estate of the persons, who become bail, being within the county, than to their personal residence. 10 Co. 101. 9 Mass. 484. Howe's Pract. 191. Whether, however, the officer would not be liable for taking insufficient bail, if he should accept a bond from two sureties, both of whom resided without the Commonwealth, and having no estate within it but personal estate, (however ample that might be at the time,) in case of the subsequent avoidance of the principal, and neglect of the bail to surrender him on a *scire facias,* if the creditor was unable to satisfy such judgment as might be rendered against them on their bond, either by a levy on their property, or otherwise — is a question upon which we express no opinion ; the present case not requiring it. The bond of one residing without the Commonwealth is a valid bond, and obligatory upon the party executing it. It is not a nullity, like the bond of a feme covert, or a person *non compos.* The party giving such bond has so far connected himself with the original suit, that a *scire facias* will properly lie against him. By Rev. Sts. *c.* 90, § 45, and *c.* 92, § 3, ample provision is made for the service of process upon those persons who may be without the Commonwealth, but subject to its jurisdiction by reason of having property within it, or for other legal cause. No difficulty, therefore, existed to prevent the plaintiff from pursuing his appropriate remedy by a *scire facias* against the bail taken by the officer ; and if, upon the institution of such suit, the principal had been surrendered and the bail thereby discharged, the result would have shown, that the bail taken was sufficient,

and the officer would thereby have been exonerated. On the other hand, if in such suit the bail had been charged, and the creditor was unable to satisfy the judgment against the bail, the remedy of the creditor would be perfect against the officer, ¹ y an action against him for taking insufficient bail ; and that without any reference to the place of residence of the bail ; inasmuch as the officer necessarily subjected himself to such liability, by reason of taking only one surety.

The only remaining objection taken to the validity of the bail bond arises from an error in the penal part thereof. The bond is given to Thomas Twining, the sheriff of said county, to whom the obligor acknowledges he is bound in the sum of seventy nine dollars, to be paid to said *Henry C. Brown,* &c. and with a condition annexed in the usual and proper form of bail bonds. The error is obviously a clerical one, occasioned by the insertion of the name of the late sheriff, as the person to whom the penalty of the bond was to be paid.

Whatever might be the effect of such an error, if it had occurred in a single bond for the payment of money, the court are clearly of opinion, that this objection cannot prevail here. By our statutes, the action of debt on a bail bond does not lie, and the only remedy is by *scire facias,* in the name of the creditor.

In cases like the present, misrecitals in the bond have often been disregarded by the courts, and a strong disposition manifested to sustain the validity of such bonds, where they were substantially correct, and did not violate the obvious provisions of the statute of 23 Henry VI. *c.* 9. Many cases to this effect are cited in Serjeant Williams's notes to the case of *Posterne* v. *Hanson,* 2 Saund. 59.

In *Colburn* v. *Downes,* 10 Mass. 20, an error in the bond, in the recital of the christian names of the plaintiffs, was held not to vitiate ; it appearing from the whole bond, that the proper parties were sufficiently described and understood.

Upon the whole matter, therefore, the court are of opinion, that the ruling of the court of common pleas was correct.

*Exceptions overruled.*