## HILLS *v.* HOITT.

The Revised Statutes, chapter 180, section 12, which prescribes the action upon the case as the sole remedy for damages arising from the official misconduct or default of sheriffs, &c., does not take away the action of trespass at the suit of one whose property has been taken on a process against a stranger.

TRESPASS *de bonis.* The defendant pleaded that he was sheriff of the county, and that the goods were taken by Nathaniel Wiggin, one of his deputies, by virtue of a writ against one Elias W. Hill.

The plaintiff replied that he ought not to be barred, &c., because the goods were his, and not the property of Elias W. Hills, &c., and issue was joined.

At the term at which the action was entered the defendant moved to quash the writ, for the reason that the action of trespass could not be maintained against him for the cause alleged. This motion having been overruled, it was, after the pleadings, renewed by the defendant, who insisted that case and not trespass was the proper remedy for the cause of action apparent upon the record.

*Bartlett*, for the defendant.

*Christie*, and *Hale*, for the plaintiff.

WOODS, J. The statute supposed to govern this case is chapter 180, section 12, of the Revised Statutes, by which it is provided that "An action upon the case, and no other, shall be commenced against any sheriff, deputy sheriff, coroner, or other officer, for any damages arising from any default or misconduct in his office."

Before the passage of that act it was optional with parties injured by the official neglect, default or misconduct of the sheriff, or other officers named, to pursue their

remedy by an action on the case, or by an action of debt, in certain cases, and in these cases the measure of damages depended upon the form of remedy adopted. In case, the party recovered the amount of damages proved to have been sustained by him, while in debt he recovered the whole amount of his debt and cost. *Gordon* v. *Edson,* 2 N. H. Rep. 152; *Gerrish* v. *Edson,* 1 N. H. Rep. 84; *Buller,* J., in *Bonafous* v. *Walker,* 2 T. R. 119.

It appears to have been for the purpose of remedying the law in this particular — obviating the injustice and removing the doubts that sometimes attended the application of it — that the statute was made, requiring all these remedies to be pursued in a form that should limit the damages recovered to the injury sustained, and should admit the evidence of facts to show what the extent of this injury might be in each case.

The remedies here referred to, and which it was the object of the statute to regulate, were such as existed in behalf of parties having an interest in the process, or acquiring rights under it; or entitled, in the phrase of the statute itself, to " damages arising from any default or misconduct" of either of the officers named, " in his office."

It was not, as we think, the object of the law to wrest from one in no wise connected with the process, the usual and most obvious remedy for a wrong committed upon his person or upon his property, by one having in his possession a precept against a stranger. The damages sustained in such a case can hardly be said to be " arising from the default or misconduct" of the wrong-doer " in his office." The wrong supposed would be a mere trespass. Those contemplated by the statute would seem, from the expressions used, to be of the nature of consequential injuries.

This action has been brought to recover for a mere trespass committed by the defendant, through the agency of Wiggin, whose acts are his, in contemplation of law.

The plaintiff does not derive his title or his right to sue from any process; nor does he seek to recover damages resulting or arising, in any ordinary or just sense, from the default or misconduct of the defendant or his deputy, in the discharge of their office. It was not in the exercise of his office that the deputy committed the act complained of, for it did not require him to take the plaintiff's goods; nor could the commission of that wrong be said to be incident to the discharge of his official duties, or to be like an escape, or a neglect to serve or to return process — an official act.

The action of trespass appears to be, notwithstanding the statute, a proper remedy for the plaintiff in this case.

*Motion to quash denied.*