Parsons, C. J.
The action is debt on a bond, given by Nuttmg, the debtor in execution, and by Brown and the defendant, his sureties, to obtain for Nutting the liberty of the prison-yard. There are three several pleas. 1. Non est factum, on which it is agreed a verdict was rightly found against the defendant. 2. A plea in bar, that the bond was void, the penalty of the bond not being double the sum for which Nutting was imprisoned. To this plea there is a demurrer and joinder. And the plea must be adjudged *bad, unless by law a bond of this description [ * 101 ] is prohibited or declared void.
But we know of no such law. Bonds for ease and favor are void; but they are given, not to the creditor, but to the sheriff, to obtain from him a favor and indulgence, to which the debtor is not legally entitled. If a debtor in execution will voluntarily, without fraud, imposition, or duress, give a bond to his creditor, conditioned that he will continue a true prisoner without escaping, such a bond is not against the common law, nor against any statute. If the penalty be not double the sum, for which the debtor is imprisoned, it is not a bond within the statute of 1784, c. 41, and the debtor may be relieved against the penalty, by a judgment for the sum for which he is imprisoned; but the bond is not void. The creditor is not obliged to take such a bond as his indemnity against an escape; for he may, notwithstanding, charge the sheriff in an action for the escape.
*86 It is probable that this bond was not made pursuant to the statute, for an error in computation, and not from design. Sheriffs should be careful in this respect. If the debtor give no bond to obtain the liberty of the yard, in the day-time, and the sheriff grant him this liberty, it is a voluntary escape in the sheriff. And if the bond, which the debtor gives, is not pursuant to the statute, and the sheriff, upon such unauthorized bond, grants the debtor the liberty of the yard, this will be an escape in the sheriff; for he will not be justified in granting the debtor this liberty, but upon receiving for the creditor such a bond as the statute authorizes. It is our opinion that the second plea in bar is bad.
3. The third plea traversed the escape of Nutting, on which issue was joined. The fact was, that Nutting was frequently in the nighttime in the apartments appropriated for and occupied by the jail-keeper and his family as their habitation, other apartments in the same building being appropriated as a prison; the evidence of these appropriations being ancient usage, and not the records of the Court of Sessions, none of which were produced.
[ * 102 ] * We are satisfied that this was an escape in Nutting, he not being in the night-time in any apartment appropriated for the use of debtors. As to the evidence from usage, it was said at the argument, that it might probably be controlled by a further inspection of the ancient records of the county court. On a new trial there will be an opportunity for this inspectionbut until some record be produced, the ancient usage must be considered as legal evidence. Indeed, without such usage, there was no evidence that any part of the building, in which Nutting slept, had ever been appropriated to the use of debtors. The verdict is manifestly against law, as the evidence was at the trial, and must be set aside.
There is another question not necessary now to decide, as it is suggested from the second plea in bar, and not from the evidence. And it may deserve consideration whether, if Nutting, according to the averment in that plea, has not given a bond to the creditor pursuant to the statute, his availing himself of the liberty of the yard in the day-time be not an escape. But as this fact is not directly before us, we give no opinion as to its legal consequence.

Let the verdict be set aside, and a new trial be granted.