Per Curiam.

As the opinion excepted to was expressed, according to the statement in the exceptions, the jury must have .understood that the yard described might be lawfully resorted to in the niglt time, by a prisoner having the liberty of the yard, or indeed Sy any prisoner for debt, however closely confined; for, during the n.ght time, there was no distinction among the prisoners for debt, excepting as to their chambers or lodgings, where they were < to be all alike restrained, as the law was when this escape is alleged to have happened.
We are, upon consideration, not. satisfied with that opinion, which plainly militates with several decisions of this Court, upon the subject of escapes committed by prisoners for debt having the liberty of the jail-yard. (1)
If the case proved had been a case of necessity, and the place resorted to had been, as an apartment of the prison, adopted by usage as an indispensable accommodation, it might be within a reasonable construction of the statute to allow this enlargement of a prisoner’s chamber or lodgings, (a) How this case was, in this *117 respect, is a question upon the evidence. But it was not left to the jury; and the case remains, therefore, undecided, n the particulars upon which a correct decision must rest, in the view of it the most favorable for the defendants that can be admitted. The plaintiff is entitled to a new trial upon his exceptions

 3 Mass. Rep. 86, Bartlett vs. Willis Al.

 [In Bartlett vs. Willis, (ubi sup.,) it was held that the debtor committed an escape by going into the prison-yard in the night time. So, in Freeman vs. Davis, (7 Mass. Rep. 200,) and Clap vs. Capon, (7 Mass. Rep. 98, S. C., 10 Mass. Rep. 373,) going into a room in the same house, in the prison-yard, in the night time, was held to be an escape. And in Burrows vs. Lowder, (8 Mass. Rep. 373,) it was held to be clear that in such case “no understanding of the justices, or permission of the jailer, could alter, by enlarging or contracting the accommodations which had been established for debtors;” and that no prisoner was entitled, in the night time, to any indulgence beyond a chamber and lodging in the apartments of the prison. Now the case finds that *117 " Emerson frequently went into the yard adjoining the prison, in the night time * How can the cases be distinguished ? How can the yard be part of the debtor’s chamber or lodging-room ? How could usage or necessity alter the limits fixed by the Sessions ? In M'Lellan vs. Dalton, (10 Mass. Rep. 190,) it was accordingly held that the prison-yard adjoining a prison, where the only necessary-house provided for prisoners was situate, could not be considered as an apartment to which the prisoners might resort in the night time, without committing an escape, however perfect the enclosure might be, and whatever might be the ordinary, or extraordinary, occasion for going there, unless it should have been assigned to such use by the Court of Sessions.— Ed.]