Sewall, J.
An issue having been joined in this case upon the fact of an escape committed by the defendant, Dalton, the evidence at the trial of this issue was, that the prisoner had been seen in the night-time without the prison-house, but in the yard adjoining thereto, which is enclosed with a picket fence. Within this yard, he passed from the door of the prison to the door of the jailer’s house. There was also evidence that the only necessary provided for the prisoners is without the prison-house, and within the same enclosure; from which the jury may be supposed to have presumed Dalton to have been in the yard during the night-time for the special occasion of passing to and from the necessary.
The verdict returned for the defendants, that no escape had been proved, was pursuant to the directions and opinion of our brother, who presided at the trial. But the opinion having been regularly excepted to, we are called upon to decide upon the legal effect of. the evidence stated, and not contradicted by any other evidence at the trial; and we cannot concur in his opinion, as then expressed.
As the law was, when this commitment and supposed escape happened, all prisoners for debt were restricted, during the nighttime, to the same mode of confinement. During that part of the twenty-four hours, no difference had been made, until a recent statute. The enlarged custody indulged to a prisoner in execution for debt, upon suitable bonds to his creditor, was during the daytime only; and at night the prisoner was supposed to return to that safe and close custody which the law requires, — to those apartments of the prison from time to time assigned for the purpose by the Court of Sessions.
Upon full consideration of the subject, we think the yard adjoining the prison, however perfect the enclosure might be, or whatever the ordinary or extraordinary occasion for going there, is not, in this sense, an apartment assigned to the prisoners for [ *192 ] the night. We do not say that it might not * have *199 become an apartment to that effect, if it had been assigned. The usage of passing and repassing is not of a nature, however proved, to justify a continued negligence of the jailer in this respect ; prisoners being, for the night, restricted to the walls of the prison, (a)

The verdict is set aside, and a new trial is granted.

additional note.
[See Lucky vs. Brandon, 1 Ohio, 59.—F. H.]

 [Vide Bartlett vs. Willis, 3 Mass. Rep. 86. — Freeman vs. Davis, 7 Mass. Rep. 200.— Clap vs. Capon, 7 Mass. Rep. 98. S. C. —10 Mass. Rep. 373. — Burrows vs. Lowder, 8 Mass. Rep. 373. — Sed vide Emerson vs. Partridge, 9 Mass. Rep. 123 — Ed.]