Parker, C. J.
This action, being for contribution by one surety against another, cannot be maintained, except by showing a just and equitable ground for contribution. In the case of a voluntary payment of money actually due, to avoid a suit, there is no doubt that he who pays the money may compel his co-surety to contribute. But the contract in this case is of a different nature. The principal in the bond has stipulated that he will abide the judgment upon the suit, and the sureties are only answerable for the debt in case of his default, and the law secures to the bail or sureties the privilege of surrendering the principal at any time before final judgment against them upon the scire facias, they paying the costs of that suit (1). This is a valuable privilege to the bail, which ought not to be intercepted by one, to the prejudice of the other.
The facts in the case before us show very strongly an intention on the part of the present defendant to have availed himself of this privilege, which he could not do, as the law then was (2), until he had been served with scire facias, and the action entered in Court. He was not absolutely indebted in consequence of becoming bail, or because non est inventus was returned upon the execution. The *law gave him the means of avoiding the debt, by [ *42 ]' surrendering the principal before judgment upon the scire facias, upon the penalty of the costs of that suit only. Of this privilege he was deprived by the voluntary interference of the plaintiff ; and for that cause he is not equitably bound to contribute a moiety of the debt and costs.
The plaintiff’s conduct was fair and honest; but he innocently did a mischief to the defendant. Upon these grounds we think, however hard the case may seem against the plaintiff, he cannot b$ relieved at the expense of the defendant.

Plaintiff nonsuit.

 Stat. 1784. c 10, § 2

 Vide Stat. 1817, c. 146.