The opinion of the court was delivered by
Rogers, J.
If we confine ourselves to the points raised by the pleadings, we can have but little difficulty in deciding this cause. The defendant gives evidence to support the pleas of nil debet and performance; to which evidence the plaintiff demurs. On this demurrer to the evidence of the defendant, the court are required to examine the validity of the bond on which suit is brought. This cannot be done, for the only matter submitted to the court, is, whether the evidence sustains the defendant’s pleas, and, as it is conceded that it does not, there would, (if we should stop here,) be an end'of the question. Waiving, however, all matters of form, which seems to be the wish of the plaintiff and defendant, we will consider the point intended to be raised on this record. Is the bond declared on such an instrument as will sustain the plaintiff’s action? I do not consider this a bond for ease and favour. Bonds of that description are void; but they are given, not to the creditor, but to the sheriff, to obtain from him a favour and indulgence, to which the debtor is not legally entitled. 7 Mass. R. 101. Alleyn R. 58. 2 Mod. 304. 7 Mass. R. 98. 8 Mass. R. 373. 11 Johns. R. 27. The plaintiff himself may enter into a composition with his debtor. There is no rule of policy which prevents it; and such agreements are frequently for the advantage of debtor and creditor. This was an agreement in the name of the plaintiff) with the assent of his attorney, and since ratified by the plaintiff himself.
The defendant, Lambdin, was in the custody of the marshal when the bond was signed, with the condition that Lambdin should surrender himself to prison on the ca. sa., on or before the 3d of November. It is said that the surety could not surrender his principal, nor could he surrender himself, so as to be entitled to a discharge under the acts of congress, for the relief of insolvent debtors; that the jailer could not receive and hold him, without rendering himself liable to an action. Plowever this may be, it merely goes to show that the condition of the bond is contrary to a maxim or rule in law. In 2 Co. Lit. 27, title, Estates upon Condition, the rule is distinctly laid down which I conceive governs this case.
It is commonly holden, that if the condition of a bond, &c., be against law, that the bond itself is void.
But herein the law distinguisheth between a condition against law, (that concerneth not any thing that is malum in se,') but, therefore is against law, because it is repugnant to the estate, or against some maxim or rule in law.
If a condition of an obligation be, to do a thing which is ma *309 lum in se, the condition, and also the obligation is void; as, if an obligation be with condition to kill another, Co. Lit. 266, b. 3 Com. Dig. 98.
But if the condition of an obligation, &c., be only to do a thing contrary to a maxim of law, or repugnant to the nature of the grant or estate, the obligation is good. 3 Com. Dig. 98.
In the first case the obligation is void; in the last, which is the cause before the court, it is single.
Judgment affirmed.