Reese J.
delivered the opinion of the court.
T.liis is no action brought upon a bond, given in 1S12, by an administrator and his sureties, conditioned for the faithful performances of the duties of that office. The bond was made payable to James Hibbits, chairman, &c. and to his successors, &c. when by the provisions of the law at that time existing, it should have been made payable to the governor, &c. The plaintiffs aro the personal representatives of James ilib-bits., and in that character brought suit for the uso of those interested in the estate, upon which administration was granted. A demurrer in the circuit court was filed to the declaration upon the ground, 1st. That the bond was made payable to James Hibbits, chairman, &e. and to his successors, and the action was brought, not by bis successor for the use &e. but by his personal representative for the use, &c.; and 2d, Because the statute having directed an administration bond to be made payable to the governor for the time being and to bis successors, and the bond in question having been made payable to the chairman, &c, and to his successors, the bond was not a good statutory bond, and no action whatever can be maintained upon it. The demurrer was sustained by the circuit court, and the plaintiffs have brought the cause to this court.
1. Should the action have been brought in the name of the personal representative of Hibbits’, or in the name of his successor as chairman? To have maintained the action in the name of Hibbels’ successor, the bond must have been good under the statute; for a successor cannot sue in that character on any ground, other than the express provisions of the statute, t'eo the case of Swart and others vs. Lee, Governor, &c., 3 Call’s Rep. 364, 2d ed. And as this was not a good statutory bond, having been taken to the chairman, when it should have been taken payable to the governor, the action could not have been maintained in the name of the successor of Hibbits as chairman.
2d. As the bond in question was bad, as a statutory bond, can an action in the name of Hibbits’ personal representative *468 be maintained upon it as a good voluntary bond? And we entertain no doubt that it can, both upon reason and authority.
If there had been no statute requiring a bond from an administrator, and he had chosen for the indemnity of creditors and distributees, to have entered into an obligation with sureties, for the faithful marshalling of the assets, the transaction would have violated no rule of public policy or private morality, but on the contrary, would have been in all respects highly proper, and he and his sureties would certainly have been bound thereby. When, however, the statute requires a bond, and directs that it be made payable to some public functionary, a governor, a chairman, or other officer, for the benefit of those interested, and this direction, be not correctly pursued, but a wrong officer be named, upon, what ground is it that such non-compliance, as to matter of form on the part of the obligors, shall make the substance of their obligation void in favor of those interested in the estate, and who had. no agency even in producing the mistake. The principle of their liability in such case, so consonant to reason, is amply sustained by authority. See 2 Yer. Rep. 113, 114, and the authorities there cited: see also 7 Mass. Rep. 98: 5 Mass. Rep. 314: 7 Yer. Rep. 91: 1 Pir. Dig. 111, pl. 23, 24: 4 Dev. Rep. 584: Hurlston on Bonds, 63, 78, in 9 Law Lib.
We are of opinion, therefore, that the demurrer should have been overruled. Let the judgment be reversed and the case remanded to the circuit court for further proceedings to be had therein.
Judgment reversed.