FIDELIO C. SHARP, plaintiff in error, *v.* EDWARD A. BEDELL, defendant in error.

### *Error to Hancock.*

An appeal bond contained a condition that if the defendants "should pay and satisfy whatever judgment might be rendered by the Circuit Court of Hancock county upon the dismissal or trial of a certain appeal," &c. The appeal having been entered in that Court, the venue was changed to another county, where the judgment of the justice of the peace was affirmed. A suit was brought upon the appeal bond, when one only of the sureties was served with process, and in the declaration, the breach assigned was the non-payment of that judgment. There was a demurrer to the declaration, which the Court sustained: *Held,* that the bond, not being in compliance with the statute, could not, under the circumstances, be enforced.

The officers of the law have no authority to take or accept appeal bonds which do not conform to the statute; but if they are taken, the appellee should object to the appeal bond in the Circuit Court, and have it perfected. If he does not object, he must abide by his own neglect.

In Courts of Law, the liability of a surety will not be extended by implication beyond the terms of the contract.

DEBT upon an appeal bond, brought by the plaintiff in error against the defendant in error and others in the Hancock Circuit Court, and heard before the Hon. Norman H. Purple, upon a demurrer to the declaration, at the September term, 1847. The demurrer was sustained, and a judgment rendered in favor of the defendant for costs.

The condition of the bond declared on is set forth in the Opinion of the Court.

*R. S. Blackwell*, and *O. H. Browning & N. Bushnell*, for the plaintiff in error.

It was the intent of the law to make the appellee in the Court below secure in his judgment in whatever Circuit Court it might be recovered. Rev. Stat. 325, § 70; *Mc Connell* v. *Swailes*, 2 Scam. 571; *Watts* v. *Waddle*, 6 Peters, 389; 1 U. S. Dig. 180, § 441; ib. 183, § 536.

*G. Edmonds Jr.* and *C. A. Warren & O. C. Skinner*, for the defendant in error.

The obligation of the defendant should be construed according to the general rules of construction, and is not to be extended beyond its terms. *Davis* v. *The People*, 1 Gilm. 409; *Waters* v. *Simpson*, 2 do. 570; *The United States* v. *Dixey*, 3 Wash. C. C. R. 15; *Same* v. *Mitchell*, ib. 95; *Baylies* v. *Fettyplace*, 7 Mass. 338; 1 U. S. Dig. 180, § 437; 9 Wheat. 380.

There is a variance between the declaration and the contract of the defendant. *Hart* v. *Tolman*, 1 Gilm. 1; *Curry* v. *Hinman*, 3 do. 90.

When the change of venue was prayed for, the obligee in the appeal bond should have required the bond to be perfected so as to conform to the statute. Not having done so, he must abide by his neglect. *Young* v. *Mason*, 3 Gilm. 55.

The Opinion of the Court was delivered by

TRUMBULL, J. This was an action of *debt* brought against Cyril Call, Chester Loveland, Chauncy Loveland, and Edward A. Bedell, upon an appeal bond. Bedell was alone served with process.

The declaration, after setting forth the making of the bond, &c. in the usual form, alleges that it was subject to a condition, "that if the said Chester Loveland and Cyril Call should pay and satisfy whatever judgment might be rendered by the Circuit Court of Hancock county, upon the dismissal or trial of a certain appeal to the said Circuit Court taken by them from a judgment rendered by George Rockwell, Esq., a jus-

tice of the peace, within and for said county, on the 15th day of February 1845, where Fidelio C. Sharp was plaintiff, and Chester Loveland and Cyril Call were defendants, for the sum of ninety six dollars, debt, and six dollars and seventeen cents, costs of suit, in favor of the said plaintiff and against the said defendants, then said obligation was to be void, otherwise to remain in full force and virtue."

The declaration then alleges that after said appeal was taken, an order was made by the Circuit Court of Hancock county, whereby the venue in said cause was changed to the county of McDonough; and that at the May term, 1847, of the Circuit Court of McDonough county, upon a trial of said cause, the judgment of the justice of the peace was affirmed for the *sum of ninety* six dollars and costs. The breach assigned is the non-payment of this judgment. The defendant, Bedell, filed a general demurrer to this declaration, which was sustained by the Court, and judgment rendered against the plaintiff for costs.

The sufficiency of the declaration is the only question for our consideration, and this depends upon the construction to be put upon the condition of the bond as therein set forth. It is admitted that the declaration shows no breach of the condition of the bond in terms, as the defendant never undertook in so many words, to pay any other judgment than such as might be rendered by the Circuit Court of Hancock county; but then it is insisted, that inasmuch as the law intends appeal bonds for the security of the appellee in case his judgment is affirmed, and inasmuch as the law authorizes changes of venue, the language used in the condition of the bond is to receive such a construction as will effectuate the legislative intention, which never could have been to allow the obligors upon an appeal bond to escape responsibility, by procuring a change of venue from the Court to which the appeal was taken. In other words, it is insisted that the law in reference to changes of venue, entered into and became part of the contract, in the same manner as if it had been incorporated into the condition of the bond, and the defendant had obligated himself, in so many words, to pay

Sharp v. Bedell.

whatever judgment might be rendered upon the dismissal or trial of said appeal, either by the Circuit Court of Hancock county or of any other county, to which the case might be taken by change of venue.

This would undoubtedly be the case, were the suit brought upon a bond conditioned as the law requires, but he who would call upon the Court to give such a construction to an obligation as will effectuate the legislative intention, must first show, on his part, an obligation in accordance substantially at least with the legislative intention. The plaintiff in this case does not show such an obligation. The condition of appeal bonds as prescribed by the statute, after setting forth that whereas a judgment has been recovered, an appeal taken, &c., is as follows, to wit: "Now if the said —— shall prosecute his appeal with effect, and shall pay whatever judgment shall be rendered by the Court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

Had the bond declared upon been conditioned according to the statute, the case would have been free from difficulty, and neither a loose construction nor the aid of other statutes would have been invoked to authorize a recovery upon the bond. The declaration, however, describes a bond essentially variant in its conditions from the one required by statute. It differs, first, by wholly omitting the condition, *to prosecute the appeal with effect*, and secondly, the obligors instead of binding themselves generally to pay whatever judgment might be rendered by *the Court*, upon dismissal or trial of the appeal, have limited their liability to the payment of such judgment as might be rendered by a particular Court, to wit, the Circuit Court of Hancock county. We may well suppose that in prescribing the form of the condition of appeal bonds, the Legislature may have had in view the possibility of changes of venue, and therefore used the words "*the Court*," which would apply to any Court to which the cause might be taken, instead of the words the "*said Court*," or the Circuit Court of a particular county.

Several cases have been referred to by the plaintiff in

error, which are supposed to be analogous to the present, but the one most relied upon is that of *Watts* v. *Waddle*, 6 Peters, 389, which, however, is clearly distinguishable from the present. That was a suit in Chancery for the specific performance of a contract to convey by warranty deed certain tracts of land, so soon as a final decree should be rendered by the United States' Circuit Court for the District of Ohio, in a suit there pending in said Court, the object of which was to vest the legal title in the vendor, so that he might be able to convey a perfect title to his vendee. The bill was filed in 1826. A final decree from which an appeal had been taken, was obtained in the Circuit Court in 1818, and it was insisted that it was the duty of the vendor, at that time, to have executed the conveyance. The Court say: "In the contract there was a reference to the final decree of the Circuit Court, but as the decision of that Court was not final in the case, and as an appeal was actually taken, by some of the defendants to the Supreme Court, it may reasonably be inferred that this contingency was within the calculation of both parties at the time of the contract. * * There can be no difficulty in coming to the conclusion that both parties referred to a final decision of the case; and to such a decree as should vest the legal title in Watts," who was the vendor; and the Court held that there was no negligence imputable to Watts till such a final decree was obtained in the Supreme Court, though for other reasons a specific execution of the contract was refused.

We have no fault to find either with the decision or the reasoning of the Court in the case of Watts. The question was, whether Watts had been guilty of such negligence as to prevent the relief he was then seeking. It was a mere question of time, which in Equity is not usually material, and as the object of delaying the execution of the conveyance until the final decision of the Circuit Court, was to enable Watts to obtain the legal title, so as to be able to execute a conveyance in compliance with his contract and the understanding of the parties, it is manifest, that the object was not attained by a decree which was rendered nugatory by

appeal, and was not, therefore, final according to the terms of the contract. Moreover, the rules of construction adopted by Courts of Equity in construing contracts and carrying into effect the intentions of parties, are widely different from those which prevail in Courts of Law in reference to the liabilities of securities. In the former Courts, defective instruments will sometimes be supplied and contracts reformed, so as to be made conformable to the precise intent of the parties. Equity does not regard the forms of instruments, but looks into the intent. It is not so in Courts of Law, so far as securities are concerned. Their liability is not to be extended, by implication, beyond the terms of the contract. To the extent, and in the manner, and under the circumstances pointed out in their obligations, they are bound, and no farther. 9 Wheat. 680.

The bond declared upon is not void, if voluntarily entered into, but the defendant is only liable according to its terms. His liability cannot be extended so as to make him responsible to the same extent as if he had entered into an obligation conditioned as the law directs.

It matters not that the parties executing the bond may have derived from it all the advantages which a perfect bond would have given them, or that they even intended to execute such a bond as the law requires. A statute of Massachusetts authorized a debtor confined in jail to obtain the liberty of the jail yard by executing bond in double the sum for which he was imprisoned. A bond for $1189 and only twenty four cents less than double was held by the Supreme Court of that State not to be a statutory bond, although it was insisted that the penalty being less than the statute authorized, the defendant, who was one of the securities upon the bond, was not injured by the variance, and that he ought not to be permitted to avail himself of a variance which was no injury either to himself or his principal. The Court say: "If the penalty be not double the sum for which the debtor is imprisoned, it is not a bond within the statute of 1784, ch. 41, and the debtor may be relieved

against the penalty by a judgment for the sum for which he was imprisoned." "It is probable that this bond was not made pursuant to the statute, from an error in computation not from design. Sheriffs should be careful in this respect." "If the bond which the debtor gives, is not pursuant to the statute, and the sheriff, upon such authorized bond, grants the debtor the liberty of the yard, this will be an escape in the sheriff." *Clapp* v. *Cofran*, 7 Mass. 98; *Freeman* v. *Davis*, ib. 200.

. The same language addressed by the Supreme Court of Massachusetts to sheriffs in that State, might with propriety be addressed to officers in this State who approve appeal bonds. They have no authority to take or accept bonds which do not conform to the statute. If, however, such bonds are taken, it is in the power of the appellee, in the Circuit Court where the appeal is pending, to object to the bond and have it perfected. If he make no objection, as was said by this Court in the case of *Young* v. *Mason*, 3 Gilm. 55, "he must abide by his own neglect." The bond upon which Young brought suit in the case, omitted the words "on trial" after the word "dismissed" as required in the condition of the appeal bond, and this Court held, that the obligors upon said bond were not liable to pay the judgment rendered by the Circuit Court upon the trial of said appeal, although there was another covenant in the bond that the appellants should prosecute their appeal with effect. This covenant, it was held, only entitled the appellee to nominal damages, as there was no evidence that the non-prosecution of the appeal by the appellants had caused any damages. A similar decision had been made in Massachusetts, as to the construction of the words, "to prosecute an appeal with effect." *Hobart* v. *Hilliard*, 11 Pick. 143.

It has been decided in Maine, that a recognizance to appear and prosecute an appeal made to a higher Court, and abide the order of said Court thereon, and not depart without license, is not forfeited by a default at a subsequent term in the Court appealed to, the appeal having been duly entered

at the first term and the appeal continued. *The State* v. *Richardson,* 2 Greenl. 115.

It would have required quite as little construction to have held the securities liable in the case of Young, or those referred to in Massachusetts and Maine, as it would to hold Bedell responsible in the present suit, and the same answer must now be given to Sharp that was given by this Court to Young. Bedell only bound himself to pay whatever judgment should be rendered by the Circuit Court of Hancock county, upon the dismissal or trial of the appeal. The record shows that the Circuit Court of Hancock county never dismissed the appeal, or tried the case, but that it was removed to the county of McDonough; consequently no breach of the condition of the bond is in terms shown, and the conditions of the bond not being in accordance with the statute, we are of opinion that Bedell cannot be held responsible by implication beyond the terms of his obligation, as therein expressed.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*