Bartlet, C.J.
The errors assigned in this case are substantially the following:
1. That the court erred in holding that the note was void, and that the payment of the same by the plaintiff gave him no right of action against the defendant for contribution.
2. That the court erred in overruling the motion for a new trial, etc.
Two questions are here presented for determination:
1. Was the note void on the ground of usury?
2. *Oan a surety on a promissary note which is absolutely void by the voluntary payment thereof, entitle himself to contribution against the co-surety ?
The first question has been determined in the affirmative by adjudications already made in this state. See the case of the Preble Branch of the State Bank of Ohio v. William Russell and others, ante, p. 313; also Chillicothe Bank v. Swayne, 8 Ohio, 257; Creed v. The Commercial Bank of Cincinnati, 11 Ohio, 489 ; The Miami Exporting Compamy v. Clark, 13 Ohio, 1; Commercial Bank v. Reed, 11 Ohio, 498; United States Bank v. Owens, 2 Pet. 538.
*283 The second question is one which does not appear to have been very frequently presented for adjudication.
The right of contribution among sureties is founded not in the contract of suretyship, but is the result of a general principle of equity which equalizes burdens and benefits. The common law has adopted, and given effect to this equitable principle on which a surety is entitled to contribution from his co-surety. This equitable obligation to contribute having been established, the law raises an implied assumpsit on the part of the co-surety, to pay his share of the loss resulting from a concurrent liability to pay a common debt. This jurisdiction, by an action at law, is, therefore, resorted to, when the case is not complicated ; and the more extensive and efficient aid of a court of equity is thus rendered unnecessary. It follows that this action can only be sustained where there exists a just and equitable ground for contribution.
A contract of suretyship is accessory to an obligation contracted by another person, either contemporaneously, or previously, or subsequently. It is of the essence of the contract, that there be a subsisting valid obligation of a principal debtor. Without a principal, there can be no accessory; and by the extinction of the former, the latter becomes extinct. This results from the nature of the obligation of suretyship. Burge on Suretyship, 3, 6 ; Theobald on Prin. and Surety, 2.
*It would seem to follow, from the very nature of the undertaking, that if the principal contract is absolutely void, the obligation of the surety would likewise be void. But it is said, that where the contract of the principal debtor is only viodable on account of incapacity or otherwise, and the person undertaking as surety contracted with a knowledge of the incapacity or other cause making the principal obligation voidable, he must be understood as incurring not merely a collateral but a principal obligation. How far this may extend, as between surety and principal, it is not necessary here to inquire; but there seems to be sound reason in the doctrine, that where the surety has knowledge of that which amounts to a valid defense for him against the creditor, he is bound either to avail himself of it, orto give notice to the principal debtor, so as to enable him to set up the defense ; and in default of doing either, he would be deprived of recourse against the principal. Burge on Suretyship), 367.
The-utmost extent to which a surety, who has made payment *284 can claim, is a subrogation to the rights of the creditor, so that he will rank against the debtor in the same degree as the creditor would have done if he had not been paid. Where, therefore, a surety could have no remedy against the principal, he clearly could have none against his co-surety, against whom he would have less equity in his favor.
Such, then, being the nature of the contract of suretyship, to what right of contribution was the plaintiff entitled in this case against the defendant ? The claim set up by the branch bank was absolutely void ; and it could have acquired no validity from the execution of the mortgage by the plaintiff before he had notice of the usury, especially as against the defendant. And it appears that the plaintiff had knowledge of the usury before he paid the debt. With what pretense of equity can the plaintiff, who was not bound himself by voluntarily paying a void note, claim to impose an obligation upon the defendant as his co-surety, who was under no obligation before, either legal or equitable ? Had the creditor instituted a suit on the note against the defendant, his ^remedy was clear and complete; and he could not certainly have been deprived of his means of defense by the voluntary act of the plaintiff. This is clearly not a case where an implied assumpsit could have been raised against a co-surety for contribution.
The principle laid down in the case of Skillin v. Merrill, 16 Mass. 40, would seem to be in point in this case, and fatal to the plaintiff’s cause of action. And it is not shaken by the case of Ford v. Keith, 1 Mass. 139, and the case decided upon its authority, of Wallace v. Burns, 6 Ala. 780, to which reference has been made. The last two cases are not strictly analogous to the present one. Upon no principle of justice or sound reason can a surety, by voluntarily paying money on a void note, impose an obligation upon a co-surety for contribution.

Judgment affirmed.