PORTER & als. versus ANDROSCOGGIN AND KENNEBEC RAIL ROAD COMPANY.

By c. 91, § 14, R. S., "all deeds and contracts executed by an authorized agent for an individual or corporation, either in the name of the principal, by such agent, or in the name of such agent, for the principal, shall be considered the deed or contract of such principal."

Where a corporation makes a contract through an agent, who puts to it a seal, it becomes by law the *deed* of the corporation, though it has not their *common seal*.

Upon such a contract an action of *assumpsit* cannot be maintained.

ON FACTS AGREED.

ASSUMPSIT. The writ contained the money counts, a count on an account annexed and one count upon a contract signed by Hobart Clark, the defendant's agent, lawfully authorized as alleged in the writ.

All the claims of plaintiffs, in the several counts in their writ, originated under the contract declared on.

That contract was *signed and sealed* by the plaintiffs and by Hobart Clark, an agent of the defendants.

The defendants' corporate capacity was admitted, and as such, vested with the usual privileges and subject to the common liabilities of other corporations. The contract was without a *corporate seal,* but had a common seal used and adopted by the defendants in this case.

Whether the action was maintainable was submitted to the Court.

*Codman* and *May,* for the plaintiffs.

*W. Goodenow* and *Fessenden & Deblois,* for defendants.

1. The law will not *imply* a promise on which to ground an action, where there is an *express* promise. *Charles* v. *Dana,* 14 Maine, 383 ; *Whiting* v. *Sullivan,* 7 Mass. 109 ; *Cutter* v. *Powell,* 6 Term. R. 324 ; *Marshal* v. *Jones,* 11 Maine, 54.

2. Here was a contract under seal, and the action should have been covenant. *Bulstrode* v. *Gilburn,* 2 Strange, 1027 ; Espinass. N. P. 96 ; *Richards* v. *Killam,* 10 Mass. 243 ; *Kimball* v. *Tucker & al.,* 10 Mass. 192.

3. The sealing by the corporation was sufficient. Angel & Ames on Corpo., § 217; *Mill-Dam Foundry* v. *Hovey,* 21 Pick. 417; *Bank of Columbia* v. *Patterson,* 7 Cranch, 304; *Randall* v. *Van Vechlen,* 19 Johns. 60; *Bank of Metropolis* v. *Guttschlick,* 14 Pet. 29; *Stinchfield* v. *Little,* 1 Greenl. 231; *Decker* v. *Freeman,* 3 Greenl. 338; R. S., c. 91, § 14.

TENNEY, J.— This is an action of *assumpsit* to recover payment for certain labor alleged to have been done, money paid, services rendered, and materials found by the plaintiffs, under a written contract dated May 16, 1848, signed and sealed by the plaintiffs and by Hobart Clark, an agent of the defendants, with a common seal, used and adopted by the corporation in this case, though not the corporate seal.

It is well settled, that the action of assumpsit cannot be maintained against a party upon the sealed instrument of that party. The action must be debt or covenant. 1 Chitty's Pl. 94 and 95; *Banorgee* v. *Hovey & al.,* 5 Mass. 11; *Kimball* v. *Tucker & al.,* 10 Mass. 192; *Charles & al.,* v. *Dana,* 14 Maine, 383.

By R. S., c. 91, § 14, "all deeds and contracts executed by an authorized agent for an individual or corporation, either in the name of the principal, by such agent, or in the name of such agent, for the principal, shall be considered the deed or contract of such principal." No question is made, that the contract relied upon in this action in its support, is that of the corporation. The action is brought upon it against the defendants; and they in their argument admit it to be their contract. It was executed by the plaintiffs, and by the agent of the defendants, as a deed, seals being affixed thereto. The adoption of the seal placed there by Clark when he executed the instrument, must be supposed to have been done by an act which was legally binding upon the corporation. It is not material with what seal the instrument is sealed, for the seal of a stranger is

sufficient, and if a corporation seal, there is no need to say, *sigillum nostrum commune.* 4 Com. Dig. Fait. A. 2.

In *Mill-Dam Foundry* v. *Hovey,* 21 Pick. 417, PUT-NAM, J., in delivering the opinion of the Court, says, "a corporation as well as an individual person, may use and adopt any seal. They need not say it is their common seal. This law is as old as the books. Twenty may seal at one time with the same seal."

It was therefore the deed of the defendants, whether the agent executed it in the name of the corporation, or in his own name for the corporation. It was the defendants' deed also by the ratification of the agent's act, by adopting the seal.                                               *Plaintiffs nonsuit.*

SHEPLEY, C. J., and WELLS and APPLETON, J. J., concurred.