### CLARK & al., *Executors, in review, versus* METCALF, *Administrator.*

By § 8, c. 195, of the Acts of 1835, it was provided that the bond, given by a poor debtor for relief from arrest, should be in double the sum for which he was arrested.

And by c. 250, of the Acts of 1836, that the officer levying an execution should collect lawful interest upon the debt from the rendition of judgment.

A relief bond, given subsequently to these provisions, in which the *interest* due upon the debt in the execution, formed no part of the *amount* therein, is not a *statute* bond, but is good at common law.

In fulfilling the conditions of *such a bond,* the debtor is to perform no other *statute provisions* in relation to poor debtors, than are *recited in the bond.*

The record of the justices of the peace and quorum, as to hearing the disclosure of, and administering the oath to a poor debtor, is not affected by the granting merely of a writ of *certiorari* to bring it before the Court.

Evidence that on such bond the debtor disclosed notes of hand which were not appraised, is not a breach of its conditions, and is inadmissible.

ON REPORT from *Nisi Prius,* TENNEY, J., presiding.

On March 13, 1839, one Ira Searle, represented by defendant, having an execution against Samuel H. Hilton, caused him to be arrested, and he gave a bond running to the creditor of double the amount of execution and officer's fees, but no *interest* was reckoned although the judgment had then been in force for five months. On giving that bond, signed

by plaintiff's testator and one Benjamin Hilton as sureties, Samuel was discharged from the arrest. The condition of the bond was as follows :—"If the said Samuel shall in six months from the date hereof cite the creditor aforesaid before two justices of the peace *quorum unus,* and submit himself to examination and take the oath or affirmation as prescribed in the seventh section of an Act supplementary to an Act for the relief of poor debtors, passed April 2, 1836, or pay the debt, interest, costs and fees arising in said execution, or be delivered into the custody of the keeper of the prison and go into close confinement within said six months, then this obligation to be void."

On September 10, 1840, Ira Searle commenced an action of debt on said bond against plaintiffs' testator, to which he pleaded the general issue and a brief statement of the performance of one of the conditions of the bond by the debtor. The debtor did cite the creditor within the time limited in the bond and made a disclosure before two justices of the peace and quorum, and took the oath then prescribed by law in such cases on the third day of August, 1839. Several notes were disclosed by the debtor but they were not appraised.

While that suit was pending, the creditor petitioned for a writ of *certiorari* to quash the proceedings of the justices, and the writ was ordered to issue. See *Metcalf, Administrator,* v. *Hilton,* 26 Maine, 200. But the *writ* was never in fact issued.

At the next term after the promulgation of the opinion upon the petition, the plaintiffs' testator was defaulted in the action on the bond, and judgment rendered thereon, June term, 1847.

At the June term, 1848, the petition for this review of that action was entered and subsequently granted, and finally tried at the September term, 1853.

The bond, the certificate of the justices that they administered the oath, and the fact that no appraisal was had of

the notes disclosed, if such fact was admissible, were all admitted.

It was stipulated that upon the legal testimony, if the original plaintiff, now defendant in review, cannot prevail, he is to be nonsuited and costs to be awarded the plaintiffs in review. If he is entitled to prevail, and to have the statute judgment as to debt or damages, such judgment shall be entered. If he is entitled to prevail, and the plaintiffs in review have the right to have the bond chancered, or the damage assessed by the Court or jury, then the Court are to make up the judgment.

*J. S. Abbott,* for defendant in review.

1. The certificate of the justices of the quorum is no defence to the original suit. The proceedings under the petition for *certiorari* are an answer to it. *Metcalf, Administrator,* v. *Hilton,* 26 Maine, 200.

2. But without those proceedings, that defence fails. *Harding* v. *Butler,* 21 Maine, 191; Laws of 1839, c. 412, § 2; *Batchelder* v. *Sanborn & al.,* 34 Maine, 230; *Clement & al.* v. *Wyman,* 31 Maine, 50; *Fessenden* v. *Chesley,* 29 Maine, 368; *Robinson* v. *Bunker,* 28 Maine, 310; *Call* v. *Barker,* 28 Maine, 317; *Wingate* v. *Leeman,* 27 Maine, 174; *Butman* v. *Holbrook,* 27 Maine, 419.

3. The bond is a statute bond. The objection made that it is not double the execution cannot avail. The execution is not made part of the case. The amount is only to be gathered from the bond. Nothing is recited in the bond that any interest was due or collectable.

4. The damages cannot be assessed under Act of 1848, c. 85, as that only refers to bonds given since the R. S. The judgment should not be restricted to the penalty, but should include interest on the penalty from date of the bond. 1 Mass. 308; 2 Mass. 118; 15 Mass. 154, and cases cited in note to Rand's edition.

*Leavitt,* for plaintiffs in review.

Clark *v.* Metcalf.

TENNEY, J. — This is a review of an action of debt against Samuel Searle, the testator of the plaintiffs in review, on a bond given by him and one Benjamin Hilton as the sureties of Samuel H. Hilton, to obtain his release from arrest on an execution in favor of the intestate of the defendant in review.

The bond on which the original suit was brought makes a part of the case, and bears date March 13, 1839 ; and by the condition thereof, it appears that the arrest was made on that day, upon an execution which issued on Oct. 5, 1838, upon a judgment rendered at the Supreme Judicial Court, which was begun and holden in and for the county of Somerset, on the last Tuesday of September, A. D. 1838, for the sum of $474,64, debt, and of $12,39, costs. It appears further, that the fees for one execution issued upon that judgment, and of the officer, who made the arrest, amounted to the additional sum of $8,34. The bond was taken for just double the amount of these several sums.

The statute of 1836, c. 250, which continued in force, till the general repealing Act, approved Oct. 22, 1840, took effect, and which was reënacted in the Revised Statutes, c. 115, § 107, provided that in all executions issued on judgments in civil actions, lawful interest should be collected on the debt, by the officer who should serve or levy the same, from the time of the rendition of the judgment.

When the bond in this case was given, the judgment had been standing for more than five months, and interest during that time had accumulated upon the debt of the same. Nothing in the case shows that any thing was paid, or that the officer was not required by the law and the execution, in the performance of his duty, to collect the interest on the debt, as well as all the other sums, referred to in the execution. For the failure of the debtor to pay all these sums, including the interest, the debtor was arrested and gave a bond in a sum considerably less than double the amount of these sums, when, by the provisions of the statute of 1835, c. 195, § 8, it should have been for precisely that amount. The bond, there-

fore, was not a statute bond, but was valid at common law. *Clapp, Adm'x,* v. *Cofran,* 7 Mass. 98; *Freeman* v. *Davis & al.,* 7 Mass. 200; *Burroughs* v. *Lowder & al.* 8 Mass. 373; *Howard* v. *Brown,* 21 Maine, 385; *Barrows* v. *Bridge & al.* 21 Maine, 398.

The case of *Metcalf, Adm'r,* v. *Hilton,* 26 Maine, 200, which was a petition for a writ of *certiorari,* to quash the proceedings of the justices of the peace and of the quorum, who administered the oath to the obligor in the bond now under consideration, and to save the condition thereof, is not an authority adverse to the views here expressed. In the proceedings under that petition, the bond does not appear to have been presented to the Court in any manner, and the opinion in that case is manifestly predicated upon the assumption that was not suggested to have been erroneous, that it was a statute bond. The question, whether it was according to statute provisions or not, was not considered, and consequently was not decided.

The bond, according to its condition, was to be void, if the debtor should in six months from the date thereof, cite the creditor before two justices of the peace, *quorum unus,* and submit himself to examination, and take the oath or affirmation as prescribed in the seventh section of an Act supplementary to an Act for the relief of poor debtors, passed April 2, 1836; or pay the debt, interest, costs and fees arising in said execution, or be delivered in custody of the keeper of the prison, &c.

It was at the election of the debtor, which of these three alternatives, mentioned in the condition of the bond, he would perform; and if he has performed the one attempted, no breach has occurred. And the case finds that the condition was performed of the alternative first named.

In support of the defence, a document was introduced as proof without objection, and makes a part of the case. No attempt was made in the argument of the case, to show that this document was not competent evidence, and it was not denied at any stage of the proceedings to be admis-

sible. This purports to be signed by two justices of the peace and the quorum, and it is admitted on the part of the defendant in review, that they were, on the 3d day of August, 1839, duly commissioned and qualified. It is a certificate in the form prescribed by the statutes then in force, as evidence, that the debtor therein named, had properly taken the poor debtor's oath, and all the facts therein recited is in this case legitimate evidence. This certificate by its terms shows, that on Aug. 3, 1839, all which was required by the first alternative named in the condition of the bond, had been done by the debtor, who was the principal obligor therein. *Hathaway* v. *Crosby*, 17 Maine, 448; *Ware* v. *Jackson*, 24 Maine, 166; *Fales* v *Dow*, 24 Maine, 211.

The bond having no validity as a statute bond, created no obligation in the debtor to comply with statutory provisions, further than the terms used in the condition provided. The condition had no reference to any statute, which might thereafter be enacted, but only to such as was then in force. He was to take the oath or affirmation, prescribed in the 7th § of the Act of 1836, expressly named. There could have been no condition, that he should do what was required of poor debtors by the statute of 1839, c. 412, where the bond was given ten days before the passage of that statute. The omission to have an appraisal of certain notes of hand, disclosed by him, agreeably to that Act, constituted no breach of the bond; and the evidence of those facts for such a purpose was not admissible.

This judgment of the justices of the peace and of the quorum, and their certificate, remain in force, and are effectual. The attempt to have the judgment annulled upon a writ of *certiorari*, proceeded no further than the order of the Court, that the writ might issue, for the purpose of bringing the records before it. No writ was issued. If the record had been brought before the Court, and the bond had been examined in connection therewith, it is not perceived for what error in the record or proceedings of the justices

of the peace and of the quorum they could have been annul-led. The writ was allowed under the erroneous belief, that the bond conformed to the provisions of the statute, and the debtor had not complied with all the requirements of the statute of 1839, c. 412, approved March 23, 1839, in order to save the condition. The proceedings before the justices of the peace and of the quorum not having been quashed, they are to be regarded as valid, and the record stands in full force, and whatever order was made by the Court under the petition for the writ of *certiorari*, can in nowise preju-dice the plaintiffs in review.

According to the agreement of the parties, the original plaintiff, now the defendant in review, is nonsuit in the origi-nal action upon the bond, and judgment to be entered for the plaintiffs in review for their costs, in the original action, and in the action of review.

SHEPLEY, C. J., RICE, APPLETON and CUTTING, J. J., con-curred.