## CHILDRESS v. VANCE.

TAXES. *Due upon lands purchased at judicial sales. When paid by purchaser. How recovered.* Where a party, who purchased land at a Clerk and Master's sale, has afterwards been compelled to pay the taxes then due upon the property, such payment not being considered voluntary or officious in the sense of the law, the purchaser may recover of the owner the amount so expended in assumpsit.

Cases cited: Ellis *v.* Foster, 7 Heisk., 131; 2 Stark Ev., 58, 59 and 60; 2 Tenn., 100; 10 Mass., 192; 20 Am. Jur., 7; 4 Tan., 190; 1 H. Blackst., 90, 93; 5 Esp., 1, 71; 8 Tenn., 310; 3 M. & W. Exch. R., 607; 16 Mass., 40; 1 N. Y. R., 472; 1 Gill. & J., 433; 5 Cow., 603; 3 Ala., 500.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. M. M. BRIEN, SR., Judge.

J. L. RICE for Childress.

R. McP. SMITH for Vance.

SNEED, J., delivered the opinion of the Court.

This action was commenced by original attachment, defendant being a non-resident at the time the action was brought. The verdict and judgment below were for the plaintiff, from which the defendant has appealed in error. The declaration is in assumpsit, and the plaintiff sues for the sum of $122.73 taxes, which were assessed against defendant by the Corporation of Nashville,

and which were paid by the plaintiff under the folowing circumstances: In January, 1856, the plaintiff, being then a minor, filed his bill in the Chancery Court at Nashville, by his guardian, against the defendant, a non-resident, to recover certain debts, and attached the property of the defendant in lieu of personal service of process. A lot in South Nashville was attached, with other property, which was sold under the decree of said Court to satisfy the plaintiff's debt of $1,744.34, as ascertained and declared by said decree. The lot was sold by the Master on the 8th of October, 1859, free from the equity of redemption, and was bought by the plaintiff, and the sale duly confirmed, and the title vested in the plaintiff. Afterwards it was ascertained that certain taxes had been assessed by the corporation of Nashville against the defendant on this property, prior to the date and confirmation of said sale, amounting to $122.73, which taxes, although a personal debt of the defendant, were, by law, also a lien upon said property. The corporation of Nashville being about to enforce this collection, by a sale of the property, defendant being a non-resident of the State, and having no personal property out of which said taxes could be distrained, the plaintiff paid the same on the 16th of November, 1865, and thereupon brought this attachment suit to recover the amount so paid, the said attachment being executed by garnishment upon one of defendant's debtors, who, in his answer, admitted an indebtedness to the defendant of $150. The dec-

laration sets forth the facts, and the case was submitted to the Court for judgment on the facts, under the defendant's plea that he did not undertake and promise, as in said declaration alleged, and there was no evidence of any actual promise and undertaking by him to reimburse the plaintiff.

This being the only question submitted to the Court below, and no exception having been taken in that tribunal to the regularity of the proceeding by attachment or garnishment, we are only called upon to pronounce upon the correctness of the judgment of the Court below, in favor of the plaintiff, upon the foregoing facts. We may observe, however, that there can be no valid objection to the mode of stating the nature of the debt in the affidavit for an attachment, and we think it is sufficiently described.

It only remains to consider whether the plaintiff had the right of action in the case stated. The practice has prevailed in this State, and it has been sanctioned by this Court, to permit the purchaser at a judicial sale to have a credit upon his purchase money for taxes remaining due upon the property bought, which taxes are discharged by the purchaser before confirmation of the sale. And in *Ellis* v. *Foster*, 7 Heisk., 131, this was permitted after confirmation. But in this case the plaintiff, it seems, was not advised of the existence of the incumbrance upon the property until after the sale had been confirmed and the title vested in him. This tax was the personal debt of the defendant; and, more than this, it was,

Childress *v.* Vance.

under the law, a lien upon the property, which would be enforced by its sale, notwithstanding the divestiture of the title. By the transmutation of title, and in the absence of any personalty of the defendant which might be subjected by distraint, this ultimate lien fell upon the plaintiff's property, and he thereby became bound for the defendant's debt, and could only disencumber his own property by its payment. This was not an officious or voluntary payment, in the sense of the law, but a payment which the plaintiff was bound to make. The obligation to pay the defendant's debt fell upon the plaintiff in consequence of the defendant's default, and the rule is, that where money is paid for another, the defendant's assent is always implied where the plaintiff is compelled to pay a debt occasioned by defendant's default. 2 Stark Ev., 58, 59. And where the plaintiff is compelled, in order to save himself from loss or to relieve himself, to pay money which the defendant ought to have paid, the defendant's promise to re-pay the same will be implied. 2 Stark Ev., 60. And the illustration given is where a lodger in the house of a tenant has his goods distrained upon by the tenant's landlord for arrears of rent, and the lodger, in order to redeem his goods, pays the tenant's rent, there is an implied promise to re-pay the rent so advanced, and the lodger can recover. *Ib.* This implied promise rests upon the ground that everybody has undertaken to do what is, in point of law, just and right. 2 Tenn., 100; 10 Mass., 192; 20 Am. Jur., 7. It only

devolves upon the plaintiff, in such case, to show that he paid for a reasonable cause, and not officiously. 4 Tan., 190; 1 H. Blackst., 90, 93; 5 Esp., 171; 8 Tenn., 310; 3 M. & W. Exch. R., 607; 16 Mass., 40. But a mere voluntary payment of another's debt, without obligation or necessity, will not make the person paying, his creditor. 1 N. Y. Rep., 472; 1 Gill. & J., 433; 5 Cow., 603; 3 Ala., 500. We think the plaintiff has made out such a case as entitles him to recover.

Affirm the judgment.